Lizzie Locker et al. v. John S. Miller.

(Case No. 4938.)

1. Court rules.— The rule announced, that the same caption prescribed in district court rule 87 (47 Tex., 632), for a transcript of a record on appeal or error, will be required in all cases where an affirmance is sought without reference to the merits. All the requirements of rules 86 and 94, prescribing the manner in which a transcript shall be written, fastened, sealed and indorsed, must be strictly observed in reference to certificates for affirmance.

From Navarro county. Tried below before the Hon. L. D. Bradley.

On motion to affirm without reference to the merits.

WILLIE, CHIEF JUSTICE.— The certificate upon which the affirmance is asked seems to comply with the requisites of the law in all respects except in this: that the caption does not state the date of the final adjournment of the term of the court at which the judgment sought to be affirmed was rendered. This fact, however, appears in the clerk's certificate at the end of the record, and as this gives us the information necessary in order to determine whether or not the appeal bond was filed within twenty days after the close of the term, the certificate in this case will not be held insufficient for want of the proper caption.

As a rule of practice for the future guidance of the legal profession, we will state that hereafter the same caption as is prescribed by district court rule 87 (49 Tex., 632), for a transcript of a record on appeal or writ of error, will be required in cases for affirmance without reference to the merits. And also that all the requirements of rules 86 and 94 (47 Tex., 632, 633), as to the manner in which a transcript shall be written, fastened together, sealed and indorsed, must also be strictly followed in reference to certificates for affirmance. The reasons which led to the adoption of these rules apply as forcibly to certificates of this character as to transcripts; and this court has invariably enforced them, and dismissed certificates for want of a strict compliance with all their requirements. As the opinions given in such cases were oral, they may not have been made known to the profession generally, and hence the number of certificates which have come up to the present term lacking in some one or other of the essentials prescribed by the above rules. As our ruling in those matters is now put in writing, there can be no excuse in the future for a recurrence of such errors.

The motion in the present case is granted, and the judgment affirmed without reference to the merits.

AFFIRMED.

[Opinion delivered May 29, 1883.]