### CITY OF SAN ANTONIO V. R. O. SMITH ET AL.

Decided November 20, 1901.

**1.—Appeal—When Perfected—City Exempt from Bond—Failure to File Transcript.**

Where a city, by virtue of a provision of its charter, is exempted from giving bond on appeal, notice of appeal by it fully perfects the appeal, so as to entitle appellee to an affirmance of the judgment on certificate upon the city's failure, without good cause, to file the transcript in the appellate court within ninety days as required by the statute. Rev. Stats., arts. 1388, 1015, 1016.

**2.—Same—Failure to File Transcript Not Excused.**

That the city intends to bring up the case by writ of error affords no excuse for its failure to duly file the transcript on its appeal, where the appeal has not been abandoned.

**3.—Same—Transcript—Defective Preparation—Rules of Court.**

Where the transcript is not fastened together by a tape or ribbon and sealed over the tie with the seal of court, and the certificate contains a number of erasures, it does not conform to the rules, which will hereafter be strictly enforced. Rule 90 for District Courts; Locker v. Miller, 59 Texas, 499.

Appeal from Medina. Tried below before Hon. L. L. Martin.

*W. O. Read,* for appellant.

*J. W. Baker* and *Ed De Montel,* for appellees.

FLY, ASSOCIATE JUSTICE.—It appears from the transcript which accompanies the motion to affirm on certificate in this case that R. O. Smith had sued the city of San Antonio, and on the 8th day of April, 1901, recovered judgment against appellant in the sum of $2512.50. On May

25, 1901, appellant gave notice of appeal to this court. The court adjourned for the term on June 1, 1901, and on September 5th the motion to affirm the judgment on certificate was filed. Section 240 of the charter of the city of San Antonio provides that it shall not be required to give bond in any action or suit, and appellant is placed thereby in the same category as other cities exempted by general statute from giving appeal bonds. It is provided in article 1388, Sayles' Civil Statutes, that, "in cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the notice provided for in the preceding article." Notice of appeal was given by appellant on May 23, 1901, and the appeal was thereby fully perfected. Hallettsville v. Long, 11 Texas Civ. App., 180.

More than four months had elapsed from the final adjournment of the trial court until the motion to affirm on certificate was filed. and appellee R. O. Smith was entitled to an affirmance of his judgment.

It is the contention of appellant in its motion for a rehearing that appellant did not intend to appeal, but expected to sue out a writ of error under its notice of appeal, and it is argued that, if appellant was compelled to perfect its appeal, it would be deprived of a valuable right,—that of having a year in which to sue out its writ of error.

In article 1015, Sayles' Civil Statutes, it is provided that the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error. In the following article it is provided that if the appellant or plaintiff in error shall fail to file the transcript as provided in the statute, it shall be lawful for the appellee or defendant in error to file his certificate for affirmance and when that action is taken it is provided that "it shall be the duty of the Courts of of Civil Appeals to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed by the appellant or plaintiff in error.

No reason has been assigned for a failure to file the transcript as required, except that appellant intends to bring its case to this court by writ of error. To do this it was necessary for appellant to abandon its appeal, which it undoubtedly had the right to do, but subject to the right of the appellee to have the judgment affirmed on certificate. Insurance Co. v. Clancey, 91 Texas, 467.

Because a city is relieved from the burden of giving a bond on appeal, it is not granted the power to violate all the other rules governing parties who are compelled to give bonds, and when it gave notice of appeal it became subject to the same requirements that govern the party who has perfected his appeal by giving a bond.

We desire, in this connection, to call attention to the manner in which the transcript in this case has been prepared. There are quite a number of erasures in the certificate, and it is not fastened together by tape or ribbon and sealed over the tie with the seal of the court, as required by

rule 90 for the district courts and the decision in Locker v. Miller, 59 Texas, 499. The rule will hereafter be strictly enforced.

The motion in the present case is granted, and the judgment affirmed without reference to the merits.

*Affirmed.*

Writ of error refused.