L. H. CONNER v. E. D. DOWNES ET AL.

Decided June 4, 1903.

**1.—Transcript on Appeal—Seal of Clerk—Certiorari.**

A failure of the clerk of the trial court to impress his official seal on the paper seals pasted over the tie of a transcript on appeal, as required by District Court Rule 90, subjects the appeal to dismissal, unless the appellant shall within two weeks bring a proper transcript into court by certiorari.

**2.—Statement of Facts—Filing Too Late.**

A statement of facts filed more than ten days after the adjournment of the court for the term can not be considered, although the parties agreed that it might be filed later. Following Wilcox v. League, 31 Texas Civ. App., 109.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts the facts found by the trial judge will be regarded by the Court of Civil Appeals as conclusive.

**4.—Innocent Purchaser—Common Source.**

Findings of fact by the trial court showing that defendants were innocent purchasers of the land in controversy from a common source, considered and held to sustain a judgment in their favor in the absence of a statement of facts.

Appeal from the District Court of Newton. Tried below before Hon. N. P. Nicks.

*W. W. Blake,* for appellant.

*West & Howard,* for appellee.

ON MOTION TO DISMISS.

GARRETT, CHIEF JUSTICE.—The appellee Downes has filed a motion to dismiss the appeal in this case because the transcript is not authenticated by the seal of the clerk of the trial court in the manner required by law, in that it is not fastened together and sealed over the tie with the seal of the court. This is required by rule 90 of the Rules for District and County Courts. An inspection of the transcript shows that the sheets of paper are fastened together at the upper end with tape, and that two paper seals have been pasted together over the tie, but that the seal of the court has not been impressed thereon. In Mayes v. Forbes, 9 Texas, 436, and 11 Texas, 285, a writ of error was dismissed because this rule had not been complied with. But in the case of Wright v. Bonta, 19 Texas, 388, the court said that the rules for the government of district clerks in the preparation of transcripts were directory, and should not be enforced so as to defeat substantial rights pursued with reasonable diligence, and allowed the appellant to adopt immediate measures to bring into court a more perfect record. The failure of the clerk of the trial court to impress the seal of the court upon the paper seals on the tie was evidently an oversight; and the fact was one that would easily escape the attention of the appellant. The motion to dismiss will be sustained, unless the appellant shall adopt

measures to bring into court a proper transcript within two weeks from this date.

*Motion sustained conditionally.*

### ON FINAL HEARING.

This was an action of trespass to try title brought by L. H. Conner against E. D. Downes and D. A. Rogers for the recovery of two tracts of land, a part of the Williams league situated in Newton County. The defendants pleaded not guilty and limitation of five years and valuable improvements. The case was tried to the court without a jury, and a judgment was rendered in favor of the defendants from which the plaintiff has appealed.

Ten days after adjournment were allowed the plaintiff by the court within which to file a statement of facts. Court adjourned on December 6, 1902. The parties failed to agree on a statement of facts, and the presiding judge made one from statements furnished to him by them respectively. The statement copied in the transcript bears no date, but it appears to have been filed December 20, 1902, which was more than ten days after adjournment. A motion has been made by the defendant Rogers to strike it out because it was not filed in time. In reply to the motion the plaintiff states that the case was tried near the end of the term, and that before court adjourned counsel for the defendants left Newton County and went to Houston on business; that plaintiff made up his statement of facts promptly and tried to submit it for agreement, but counsel for defendants being absent, it was left with the clerk of the court with instructions to deliver it promptly to counsel for defendants, which was done; that before the ten days allowed had expired counsel for plaintiff went to Newton and insisted on the statements being sent to the district judge. Counsel for defendants stated that they would agree in writing that the statement might be filed at any time before December 22, 1902, and such an agreement was made and signed by counsel for both parties on December 15, 1902, and is copied in the record. The statement having been filed more than ten days after the adjournment of the court can not be considered although the parties agreed that it might be filed later. Wilcox v. League, 31 Texas Civ. App., 109, 71 S. W. Rep., 414. The motion to strike out the statement of facts appearing in the record will be sustained.

The following conclusions of fact was filed by the trial judge:

"(1) I conclude that the evidence establishes the fact of common source of title in R. P. Hext to the 477 acres of land on the William Williams headright league of land in Newton County, Texas, in controversy.

"(2) On October 31, 1877, R. P. Hext and his wife Elaphare Hext resided on the J. R. Williams headright adjoining the said 477 acres, and about 100 yards from the west line, and cultivated a field on the said 477 acres, and that said 477 acres was all the land they owned on the 31st October, 1877.

"(3) R. P. Hext died at his home on the said J. R. Williams head-right about 12th day of January, 1878, leaving surviving him his wife Elaphare Hext and ten children, to wit: Susan Toney, J. R. Hext, Annie Phillips, Julia Hext, J. H. Hext, Lewis Hext, Mary Christian, R. L. Hext, E. Smith and Camille Furgeson.

"(4) That prior to the death of R. P. Hext, and on the said 31st day of October, 1877, R. P. Hext conveyed the said 477 acres of land in controversy, without being joined by his wife Elaphare Hext, to the heirs of Lewis and Elizabeth Conner, and J. T. Ramsey and J. R. Mattox appear as subscribing witnesses to said deed. This deed was duly proven as at common law as to R. P. Hext by R. H. Windham, and was executed and duly acknowledged by Elaphare Hext on the 23d day of September, 1902.

"(5) I find that J. R. Mattox was about 14 or 15 years of age when his name was signed to said deed from R. P. Hext to the heirs of Lewis and Elizabeth Conner; that he did not know what the instrument was to which his name was signed and had no knowledge of such facts until after he had, for a valuable consideration paid, purchased an undivided 18-20 interest in said 477 acres of land from the surviving heirs of R. P. Hext on 2d day of January, 1894, and without notice of the existence of the deed from R. P. Hext to the heirs of Elizabeth and Lewis Conner.

"(6) I find that defendant E. D. Downes purchased 2-20 of the land in controversy from the heirs of R. P. Hext and 18-20 of same from J. R. Mattox on the —— day of July, 1894, and December 22, 1894, respectively, for a valuable consideration paid without notice of the existence of the deed from R. P. Hext to the heirs of Lewis and Elizabeth Conner, and immediately placed his said deeds on record.

"(7) I find that plaintiff L. H. Conner claims the land in controversy as one of the heirs of Lewis and Elizabeth Conner, and by conveyances from J. J. Love and wife, who was a child of Lewis and Elizabeth Conner."

In the absence of a statement of facts, the facts found by the trial judge will be regarded by this court as conclusive, and the court having found that the defendants were innocent purchasers of the land in controversy from a common source, the judgment in their favor appears to be correct. None of the assignments of error present any questions that appear to have been incorrectly decided. The judgment of the court below will be affirmed.

*Affirmed.*