## WILSON v. CLARK. (No. 6979.)

(Court of Civil Appeals of Texas. San Antonio. June 6, 1923.)

**Appeal and error** �köö641—Record not verified substantially as required by rules necessitates dismissal of appeal.

Where the record on appeal comes up in violation of Rules 89, 90, and 94 (142 S. W. xxiii, xxiv), particularly with reference to the rules as to erasures and interlineations in the transcript and omission of the seal, the appeal will be dismissed as not a verified record from the trial court.

Appeal from Concho County Court; R. Davenport, Judge.

Action by J. L. Clark, Jr., against Robert Wilson. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

---

N. C. Walker, of San Saba, for appellant.
Frank Hartgraves, of Menard, for appellee.

FLY, C. J. This is a suit for $185 instituted in justices' court in precinct No. 3, of Concho county, by appellee against appellant. The suit was brought to recover the value of two rams, and the cause was dismissed and was appealed to the county court, where the cause was tried by jury and verdict and judgment rendered for appellee for $90.

The county clerk has sent up a record to this court which violates rule 90 for district and county courts (142 S. W. xxiii) in several particulars. The rule requires that transcripts, not printed, shall be written on one side only of each sheet of paper and that the sheets shall be fastened together at the upper end with tape, ribbon, or something of the kind, and sealed over the tie with the seal of the court. The transcript in this case is tied on the side of the sheets, and has no seal whatever, and is written on both sides of the sheets, and then, to confuse the matter more, the transcript is indorsed so as to convey the impression that the plaintiff in the lower court is the appellant in this court, and the defendant in the lower court is the appellee in this court. Robert Wilson had a judgment against him in the lower court and appealed this cause and, of course, is the appellant here, and J. L. Clark, Jr., the appellee. Rule 89 (142 S. W. xxiii) provides that the pages of the transcript shall be numbered at the bottom, on the left hand of each page, which rule is not complied with. Rule 94 (142 S. W. xxiv) demands that the transcript "conclude with a certificate under seal of the court, that it contains a true copy of all the proceedings in the cause, and shall be dated and signed officially by the clerk." There is no impress of a seal anywhere in the transcript, and the statement of facts is tied by its sides to the transcript, at the rear of the transcript with no indorsement to identify it. When a cause is carried to an appellate court by appeal, the party appealing should be described as "appellant," and the other party as "appellee." When a writ of error is obtained, the party obtaining it is styled "plaintiff in error," and the other party "defendant in error." The transcript in this case describes the parties as appellant or plaintiff in error and appellee or defendant in error, and attaches this double description to the wrong parties. There are a number of erasures and interlineations in the transcript.

It has been held that the rule as to the seal and erasures will be strictly enforced. Locker v. Miller, 59 Tex. 499; City of San Antonio v. Smith, 27 Tex. Civ. App. 327, 65 S. W. 41; Johnson v. Mangum (Tex. Civ. App.) 227 S. W. 750.

There is nothing in the transcript to verify it as a record from a trial court. The paper seal was not attached and no effort made to comply with the rule.

The cause is dismissed.