**GENERAL ACCIDENT FIRE & LIFE AS-
SURANCE CORPORATION, Ltd., et al.
v. BUNDREN.    (No. 3092.)**

(Court of Civil Appeals of Texas.   Texarkana.
June 18, 1925.   Rehearing Denied· July 2,
1925.)

1. **Master and servant ⟏417(9)—Judgment
entered after purported remittitur of portion
of percentage of incapacity found by jury held
not to disregard latter's findings.**

In suit to set aside award under Employers' Liability Act (Vernon's Ann. Civ. St. 1918, arts. 5246-1 to 5246-91), where, upon court's intimation that jury's finding of 75 per cent. of incapacity was too large, claimant filed so-called remittitur, purporting to reduce incapacity to 50 per cent., judgment entered thereon did not come within class of judgments which disregard jury's findings of fact, since finding of percentage of incapacity alone is insufficient to require judgment in any definite sum.

2. **Master and servant ⟏418(5)—Insurer cannot complain award to compensation claimant was less than jury's verdict authorized.**

In suit by insurer to set aside award under Employers' Liability Act (Vernon's Ann. Civ. St. 1918, arts. 5246-1 to 5246-91), wherein claimant filed purported remittitur of portion of percentage of incapacity found by jury, on which court entered judgment, judgment, if erroneous, was not prejudicial to insurer, since latter could not complain that award was less than jury's verdict authorized.

3. **Master and servant ⟏385(11)—Compensation for loss of 50 per cent. of earning capacity not limited to one-half of maximum compensation for partial incapacity.**

Workmen's Compensation Act, § 11 (Vernon's Ann. Civ. St. 1918, art. 5246-19), providing for payment in case of partial incapacity of 60 per cent. of difference between wages before injury and earning capacity thereafter, not exceeding $15 per week, does not limit compensation for loss of· 50 per cent. of normal earning capacity to $7.50 per week.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by the General Accident Fire & Life Assurance Corporation and others against Lee W. Bundren to set aside an award made in his favor by the Industrial Accident Board. Judgment for defendant, and plaintiffs appeal. Affirmed.

Chamberlain & Green and W. A. Hudson, all of Dallas, for appellants.

Webb & Webb and Ed Westbrook,· all of Sherman, for appellee.

HODGES, J. This is an appeal from an award of the Industrial Accident Board. On August 1, 1922, the appellee, Bundren, was employed by W. B. Culp. The latter carried a policy of assurance with the appellant, General Accident Fire & Life Assurance Corporation, Ltd., in compliance with the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. 1918, arts. 5246-1 to 5246-91) of this state. On the date above mentioned, while engaged in painting, the appellee was injured in a fall from a scaffold on which he was standing. He later presented his claim and secured an allowance from the Industrial Accident Board. Within the time prescribed by law the appellant filed its suit in the district court of Grayson county to set aside the award. Various reasons were assigned, among them that the injuries were temporary and not permanent.

In the trial which followed the appellee claimed compensation for permanent total incapacity. · In answer to special issues the jury found that his injuries were permanent, and that his capacity to labor had been reduced 75 per cent. After the verdict was returned, the trial judge indicated that he thought the percentage of incapacity found by the jury was too large, and counsel for Bundren filed what they term a "remittitur," which purports to reduce the percentage of incapacity from 75 per cent. as found by the jury to 50 per cent. Thereupon the court entered a judgment allowing the appellee $10.80 per week for a period of 300 weeks.

In this appeal it is contended that the evidence did not support a finding that the appellee had lost 75 per cent. of his normal capacity, and that such finding should have

---

⟏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been set aside and a new trial granted. It is also insisted that, when a case has been submitted on special issues, the trial court is compelled to enter a judgment in accordance with the findings of the jury; that the failure of the court to do that in this instance was an error which requires a reversal of this case.

[1] We are of the opinion that the testimony, taken in its entirety, did support a finding that appellee suffered a loss of 75 per cent. of his normal capacity. It is true some of the expert witnesses offered by the appellant testified that Bundren's injuries were temporary, and that his incapacity was much less than 75 per cent., but others testified to the contrary. Bundren himself stated with some detail how his injuries affected his capacity to labor, without undertaking to estimate the percentage of the resulting incapacity. The finding of the jury upon the percentage of incapacity, standing alone, was not sufficient to require the entry of a judgment for any definite sum. There were other facts which the court must find in order to determine what character of judgment should be rendered, and for what amount. The case therefore does not come within that class of judgments which disregard the jury's findings of fact.

[2] If this be a case in which the filing of a statutory remittitur has no proper place—and we are inclined to think that it is—then we may treat the instrument called a remittitur as of no legal importance. The legal situation would then stand as if none had been filed. Let us suppose that no remittitur had been filed and the court had entered a judgment allowing the appellee $10.80 per week. Could the appellant complain on appeal because the award was less than the verdict of the jury authorized? We think not. In order to justify a reversal the appealing party must show not only an erroneous ruling, but one that has injuriously affected him. Manifestly the court had, in this case, the judicial power to enter a judgment for any sum of money he thought proper. The judgment entered is not void; it may be erroneous, but, if so, the error was not prejudicial to the appellant.

Attention has been called to the case of United Producers' Pipe Line Co. v. Lantry-Fike Const. Co., 238 S. W. 331, decided by the court of Civil Appeals at Fort Worth. That decision apparently holds that a remittitur may be filed in this class of cases. If that ruling be correct, the judgment may be affirmed upon that ground, as well as for the reasons above stated.

[3] It is also insisted that, since $15 per week is the maximum allowance that may be made in any case, the court should have rendered a judgment for only $7.50 per week. Section 11 of the Compensation Act as amended in 1917 (Laws 1917, p. 274 [Vernon's Ann. Civ. St. 1918, art. 5246–19]), which fixes the maximum allowance, does not undertake to grade and regulate what should be allowed for different degrees of partial incapacity. It provides that, while the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to 60 per cent. of the difference between his average weekly wages before the injury and his average weekly earning capacity during the existence of such partial incapacity, but in no case more than $15 per week.

We find no grounds upon which this case should be reversed, and it is accordingly affirmed.