## TEXAS EMPLOYERS' INS. ASS'N v. WILSON. (No. 8273.)

Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1929.

Eskridge & Groce, of San Antonio, for appellant.

T. H. Miller, of George West, for appellee.

FLY, C. J. The transcript of the record in this case fails to indicate, as required by law, when and by whom it was applied for, and when and to whom it was delivered. The transcript is not bound together by tape or ribbon, the two ends of which are fastened together by the seal of the court. These rules are important in order to give verity to the transcript, showing that it was asked for and obtained by the proper party and guarding the transcript from the insertion of pages not certified to by the clerk. No such transcript is in proper condition to be considered by this court. Article 2278, Rev. St. 1925; Locker v. Miller, 59 Tex. 499; City of San Antonio v. Smith, 27 Tex. Civ. App. 327, 65 S. W. 41. It is the duty of clerks of trial courts to obey the laws and rules in the preparation of transcripts, and attorneys for appellants should see that they perform their duties in this respect. Appellate courts have it within their power to dismiss appeals for such errors as the one in this transcript, but as the appellee has filed no objection to the transcript, and it is rather hard to make an appellant suffer for such transgressions or omissions, we will consider the appeal.

This is a suit instituted by appellant to set aside an award to appellee of an uncertain sum alleged to be in excess of $200, and sufficient to give the county court jurisdiction, which sum had been allowed by the Industrial Accident Board of the State of Texas to Dr. Wilson, appellee, as a fee for medical services rendered to one Jose Martines, an injured employee of the Three Rivers' Glass Company. The cause was tried by jury and upon their verdict judgment was rendered in favor of appellee for $278, of which $50 was for an attorney's fee, less a credit of $25 in

favor of appellant. No brief has been filed by appellee.

The verdict was based on a cross-action filed by appellee. The petition failed to show jurisdiction in the county court, for the amount alleged to have been awarded the physician may have been in any sum in excess of $200, which might have been in excess of the jurisdiction of the county court. However, in the amended answer of appellee, which is denominated by him "his first amended original petition," there is no general demurrer or special exception to the petition, nor is there any general denial of the facts therein alleged. The filing of the cross-action seems to have created doubt as to the position occupied by the parties in the case and the plaintiff seems to have surrendered the place occupied by it, as it, too, in its pleading called itself the defendant and appellee the plaintiff.

In order for a party to recover under the provisions of Title 130 of the Revised Statutes 1925, known as the Workmen's Compensation Act, he must comply strictly with the requirements of that act. It is a statutory remedy and the statute must be strictly followed. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. Section 7, art. 8306, provides for the services of a physician in case of an injury being inflicted on the employee of a subscriber under the Workmen's Compensation law, and in order to recover from the insurer the physician must allege and prove the requirements set out in that section. He must allege and prove that the insurer had refused, after notice, to furnish reasonable medical aid, hospital services, and medicines during the first four weeks of the injury, and that such medical aid and medicines were furnished at the request of the injured employee. It is provided in the law: "The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the association thereof, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time." The law makes provision for first-aid treatment and for hospital services under certain circumstances. To justify a recovery all these matters must be alleged and proved.

In the cross-action there is sufficient to show that the subscriber had notice of the injury and employed appellee to render medical services for the employee during three months, June, July, and August. There is no allegation or proof that the employee was placed in a hospital or that there was continuous total incapacity requiring confinement in a hospital. On the other hand, the evidence showed that appellee treated the employee, part of the time in the latter's home, and the other part of the time in the office of the physician. There is no provision in the law for treatment by a physician for more than four weeks, unless the employee is placed in a hospital, and then that the medical service in the hospital shall be that provided by the hospital as part of its services. The allegations and proof are insufficient to sustain the verdict and judgment. The law does not justify recovery of the attorney's fee.

The case should be repleaded by both parties, and the evidence should meet the necessary pleadings in order to justify a verdict.

The judgment will be reversed and the cause remanded.