## UNITED STATES FIDELITY & GUARANTY CO. v. BRANDON.

No. 3429.

Court of Civil Appeals of Texas. Amarillo.
Oct. 8, 1930.

Rehearing Denied Oct. 29, 1930.

Turner, Culton & Gibson, of Amarillo, for appellant.

L. B. Godwin, of Pampa, and Kimbrough & Boyce, of Amarillo, for appellee.

RANDOLPH, J.

This suit was brought by appellee as plaintiff against the appellant as defendant by way of appeal from a final ruling and award of the Industrial Accident Board of the state of Texas, rendered on the 24th day of July, 1929, in favor of Dave Brandon and against the United States Fidelity & Guaranty Company for compensation based upon alleged injuries resulting to him by his falling and striking his right knee on a bar of iron, which injuries are alleged to have been sustained on the 15th of January, 1929, while in the employ of the United Carbon Black Company in Hutchinson county, Tex., under the Workmen's Compensation Act of this state (Rev. St. 1925, arts. 8306–8309); and the said plaintiff, in his petition, alleged the details of the injury to his knee on the theory that he had sustained total and permanent loss of his right leg for the compensation period of 200 weeks, and also alleged the matters and things quoted hereinafter.

The defendant answered by general demurrer and general denial and also by special pleas which have become immaterial to the consideration of this appeal.

In answer to appellant's statement of the nature and result of the case in its brief, appellee claims that the plaintiff's petition alleges facts which would entitle him to compensation for total permanent disability.

The case was submitted to a jury upon the following special issues and definitions or explanations:

"Special Issue No. 1.

"Did the plaintiff Dave Brandon sustain an injury to his right leg at or about the right knee on the 15th day of January, 1929? You will answer this question 'yes' or 'no.'

"In answering the foregoing question, you will be governed by the following definition:

"The term 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom.

"Special Issue No. 2.

"Did the injury, if any sustained by the plaintiff, Brandon, result in total incapacity to use of his right leg in the performance of labor at or about the right knee? You will answer this question 'yes' or 'no.'

"In answering the foregoing question, you will be governed by the following definition:

"The phrase 'total incapacity' as used in the foregoing special issue shall be construed to mean that a person disqualified from performing the usual tasks of a workman with such specific member in such way as that he is unable to procure and retain employment at ordinary work with such member, is totally incapacitated with respect to such member.

"Special Issue No. 3.

"Will the injury, if any Dave Brandon sustained to his right leg at or about the right knee, be permanent? Answer 'yes' or 'no.'

"Special Issue No. 4.

"Will the total incapacity, if any, to use his right leg in the performance of labor, at or about the right knee, be permanent? You will answer this question 'yes' or 'no.'

"Special Issue No. 5.

"If you have answered special issue No. 2, 'yes,' that is, have said thereby that the injury sustained by the plaintiff Brandon resulted in total incapacity to his right leg at or about the right knee, and if you have answered special interrogatory No. 3 'no,' that is, have said thereby that the injury, if any Dave Brandon sustained to his right leg at or about the right knee, will not be permanent, then, and only in that event, you will answer this further question:

"Fix the number of weeks, if any, of total incapacity to the right leg at or about the right knee? Answer in terms of weeks.

"Special Issue No. 6.

"If you have answered special interrogatory No. 4 'no,' that is, have said thereby that the total incapacity to the right leg at or about the right knee will not be permanent, then, and only in that event, you will answer this further question:

"Has Dave Brandon sustained a partial incapacity to his right leg at or about the right knee? Answer this question 'yes' or 'no.'

"In answering the foregoing question, you will be governed with the following definition:

"The phrase 'partial incapacity' as used in the foregoing special issue shall be construed to mean that one who has been injured in a specific member is able to use and perform only a part of his regular labor with the member, or that he is able to perform labor of a less remunerative class only; that is to say, it means that such and one's earning capacity with respect to the use of such specific member has been reduced partially.

"Special Issue No. 7.

"If you have answered special issue No. 6 'yes,' that is, have said thereby that Dave Brandon has sustained a partial incapacity to his right leg at or about the right knee, then, fix the number of weeks of such partial in-

capacity with respect to the member answering in terms of weeks and fix the percentage of the partial incapacity, if any to the right leg at or about the knee, answering in percentage using one hundred per cent. as a basis for total incapacity.

"Special Issue No. 8.

"If you have found that Dave Brandon is suffering from an injury as defined in special issue No. 1, then answer this question:

"Does the incapacity, if any, to use the right leg at or about the right knee in labor result directly from the injury sustained by the said Brandon on the 15th day of January, 1929? Answer 'yes' or 'no.'

"Special Issue No. 9.

"Does such incapacity, if any, to use the right leg at or about the right knee in performing labor result from infection or disease not caused by or resulting from the accident and injury, if any so sustained by the said Brandon? Answer 'yes' or 'no.'

"Special Issue No. 10.

"What do you find was the average weekly wages of Dave Brandon at the time of his injury, if any? Answer this question giving the number of dollars per week.

"In answering this question, you will be governed by the following rule of law:

"Average weekly wages shall mean if the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"The average weekly wages of an employee shall be one-fifty-second part of the average annual wages."

The jury answered issues Nos. 1, 2, 3, 4, 8, and 9 in the affirmative and No. 10, $23.08, leaving Nos. 5, 6, and 7 unanswered, and upon these answers the trial court rendered judgment for the plaintiff as prayed for.

■ By its first proposition, the appellant attacks special issue No. 2 and the trial court's definition of "total incapacity," submitted in connection therewith, as being misleading and improper, for the reason that plaintiff based his cause of action entirely on an injury to a specific member of his body, and the amount of compensation he was entitled to depends upon the per cent. of loss of use of said member and not upon the per cent. of his incapacity to perform the usual tasks of a workman or the per cent. of his ability to procure and retain employment at ordinary work.

While article 8306, § 12, Revised Civil Statutes of Texas, provides for compensation for the loss of a leg at or about the knee at 60 per cent. of the average weekly wages dur-

ing 200 weeks, it is also provided therein that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member. Further, we do not think that the loss of the use of a member of his body precludes any recovery except for the loss of such member or the use thereof where such loss results in permanent total disability to work. We do not think it was intended that the plaintiff should be limited to a recovery for the loss of the use of his leg if he pleads and proves the injury inflicted on his limb was such as to render him totally disabled to work.

■■ The plaintiff's petition, while expressly pleading the injury to his knee and the loss of the use of same, also contains the following allegations:

"Dave Brandon further shows that his said alleged injuries and conditions are apt to grow progressively worse and more grave than better and less damaging, that' they are the direct and proximate result of the alleged accident and are permanent, that they permanently totally incapacitate, disable, and disqualify him, as they have since the inception date thereof, in the performance of the usual tasks of a workman in ordinary physical work and labor, and that because of said alleged accident and injuries he is permanently and totally incapacitated, disabled and disqualified from performing the usual tasks of a workman in such a way and manner as to enable him to procure and retain employment in ordinary physical work and labor. And in this connection it is shown that Dave Brandon has done only manual labor for his entire life and that it is the only sort of remunerative work that he is fitted by education, training, or experience to do. * * *

"It is further alleged by Dave Brandon that prior to the said alleged inception of his injuries he was strong and without physical defects whatever, as well as in any and all manner capable of performing the hardest of manual labor; that ever since the inception of the said injuries he has been incapacitated as hereinabove alleged, all as a result of his injuries. That he, as the said alleged injured employee, had worked in the employment in which he was working at the time of his injuries, substantially the whole of the year immediately preceding the injuries, and during the days when so employed, earned in such employment, an average daily wage of $4.00. That by reason thereof and within the contemplation of the Workmen's Compensation Act, his average annual wages is $1,200.-00, his average weekly wages $23.08, and his consequent weekly compensation rate the sum of $13.85, the said compensation rate being arrived at in terms of the Workmen's Compensation Act by multiplying the average daily wage by 300, dividing the result by 52, and obtaining 60% of the said average

weekly wage. That he, Dave Brandon, is entitled to receive and have paid unto himself by the United States Fidelity & Guaranty Company compensation at the rate of $13.85 for the definite and fixed period of 200 weeks, from and after the said alleged inception date of his injuries on the 15th day of January, 1929, together with the legal rate of interest on all installments thereof accruing before date of final judgment herein."

We think this pleading properly pleads total incapacity of the plaintiff to perform work caused by the loss of the use of his leg, and the prayer of the petition for recovery does not limit that recovery to such a loss. Great Southern Life Ins. Co. v. Johnson (Tex. Civ. App.) 294 S. W. 675; North American Insurance Company v. Miller (Tex. Civ. App.) 193 S. W. 750; Commonwealth Bonding Co. v. Bryant (Tex. Civ. App.) 185 S. W. 979.

The Supreme Court (240 S. W. 893), in reviewing the decision of the Court of Civil Appeals in the last-named case, Justice Greenwood speaking for the court, says:

"The Court of Civil Appeals considered and overruled an assignment complaining of the refusal of a charge asked by plaintiff in error to the effect that defendant in error was not entitled to recover the weekly indemnity allowed by the policy for total disability, being of the opinion that reasonable minds might, from the evidence, reach different conclusions as to whether the disability of defendant in error was such as to entitle him to recover the larger or the smaller weekly indemnity. We agree that the evidence was not of such a character as to warrant either the peremptory charge against plaintiff in error, the insurer, which was given, or the peremptory charge against defendant in error, the insured, which was refused.

"The court will not give such a literal interpretation to the language of this contract, wherein the larger weekly indemnity is promised, as to practically relieve the insurer of all obligation thereunder. Such would be the effect of a decision discharging plaintiff in error from all liability if defendant in error, after his injury, could do anything required of him as a railroad conductor. Hefner v. Fidelity & Casualty Co., 110 Tex. 605–607 [160 S. W. 330], 222 S. W. 966. The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation. Fidelity & Casualty Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326; Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 808 (W. of E. ref.); North American Accident Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 755 (W. of E. ref.); 14 R. C.

L. 1316; 5 Joyce on Insurance (2d Ed.) § 3032 (c); Foglesong v. Modern Brotherhood of America, 121 Mo. App 548, 97 S. W. 240; Lobdill v. Laboring Men's Mutual Aid Ass'n, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542. Who can doubt that the insured actually believed that he had at least the stated degree of indemnity, under the policy, or that the insurer actually intended him to so believe? We are certain that any construction of the language of the policy, more favorable to the insurer, would not accomplish, but would defeat, the real intent and purpose of the contracting parties."

See, also, Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464; Lumbermen's Reciprocal Association v. Anders (Tex. Civ. App.) 292 S. W. 265, writ denied; General Accident Fire & Life Assur. Corp. v. Bundren (Tex. Civ. App.) 274 S. W. 671.

■ Upon the question of fact as found by the jury, there being evidence to support this finding, we cannot set it aside.

Appellant's proposition No. 2 is based upon improper argument of the counsel for the plaintiff in the trial of the case before the jury, in that he is alleged to have told the jury how to answer special issues Nos. 1 and 2 in order that the court might render judgment for the entire amount prayed for in his petition. The argument complained of was as follows:

"Dave Brandon is alleging in his petition that the United States Fidelity & Guaranty Company—because of his injury—because that the injury rendered him totally incapacitated and because of the fact that the total incapacity as a result of the injury is permanent, he is alleging that he is entitled to $13.-85 a week—$13.85 a week for two hundred weeks and prays in his petition for a judgment in this case for $2,700.00. He doesn't ask you to give him his compensation in a lump sum; he asks you to give him a judgment—a verdict in this case upon which our Honor will render his judgment for two hundred weeks compensation at the rate of $13.-85, payable by the week. Now you go back to the first question or special issue on the question of injury. I take it there is no doubt but that you will find he sustained an injury at the time in question, then as to whether he was totally—rendered totally incapacitated on the 15th day of January, from the performance of manual labor with his leg—I take it the evidence will warrant your verdict and answer to that special issue to be 'yes'; that he was rendered totally incapacitated, and then next, special issue number III—"

■ We do not think that the language used by counsel for plaintiff was susceptible to the construction put on it by the defendant; however, if it were, no harm could result from it, for the issue on its face needs no explanation.

850

In the explanatory note attached to the bill of exception, the trial court approves the bill with the qualification "that, when the jury retired to consider their verdict, they took with them, at the request of the defendant's attorney, all the pleadings in the case."

"When the special issues submitted are such that men of ordinary intelligence would be presumed to know the legal effect of their answers, no injury could result by counsel telling them something they already know. This holding was then, and still is, the law of this state." McFaddin v. Hebert (Tex. Com. App.) 15 S.W.(2d) 213, 217. See, also, Fain v. Nelms (Tex. Civ. App.) 156 S. W. 281, writ denied; Marine Bank & Trust Co. v. Epley (Tex. Civ. App.) 10 S.W.(2d) 739; City of Dallas v. Maxwell (Tex. Civ. App.) 231 S. W. 429.

Appellant's contention that the trial court should have incorporated in the judgment in this cause a provision for retention by that court of jurisdiction for the purpose of review upon showing of change of condition, mistake, or fraud, etc., cannot be sustained.

The opinion of the Commission of Appeals, which was approved by the Supreme Court in the case of Federal Surety Co. v. Cook et al., 24 S.W.(2d) 394, settles this question adversely to appellant's contention, and it is therefore overruled.

Finding no reversible error, we affirm the judgment of the trial court.