## TEXAS EMPLOYERS' INS. ASS'N v. WHITESIDE.

### No. 1332.

Court of Civil Appeals of Texas. Eastland. Nov. 2, 1934.

Rehearing Denied Dec. 14, 1934.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

LESLIE, Justice.

This is a workmen's compensation case, and the suit is by Buford Whiteside against the Texas Employers' Insurance Association, the carrier of compensation insurance for the Texas Pipe Line Company, to set aside the ruling of the Industrial Accident Board denying his claim for compensation.

The plaintiff alleged that while an employee of the pipe line company, and in the course of his employment, he received an accidental injury in October, 1922; that "a four inch pipe fell on his left foot, bruising and otherwise injuring the big toe on said foot in such manner and to such an extent, that infection of the one set up therein, and that by reason thereof it became necessary for the plaintiff to have his big toe of said foot amputated on or about the 8th day of September 1932; that in addition to the loss of said toe, the plaintiff had suffered such severe pain in his said foot that the use of his foot has been impaired to the extent of twenty-five percent of normal, all of which plaintiff believes and, therefore, avers is permanent."

Plaintiff further alleged that: "Within thirty days of the time of the injury he notified the Industrial Accident Board and the employer of his injury and that the said employer had actual notice thereof within said thirty days period and that he again notified the employer and the insurance company of his condition within thirty days after the amputation of said toe; that thereafter on or about the 18th day of January, 1933, he filed his claim for compensation with the Industrial Accident Board of the State of Texas, * * * claiming compensation from said date by reason of said injury to the big toe on his left foot which resulted in the amputation thereof on the 8th day of September, 1932, as aforesaid, and causing plaintiff to suffer great pain; * * * that thereafter on or about the 3rd day of May, 1933, the Board made its final ruling and award in said cause * * *; that thereafter on or about the 22nd day of May, 1933, the plaintiff gave notice in writing to the Industrial

Accident Board in the manner required by law that he was not willing * * * to abide with the ruling and decision of the Industrial Accident Board in said cause, and that he would file suit within twenty days, etc."

In other words, the injury occurred in October 1922; incapacity developed September 8, 1932, on amputation of the toe; notice was given within thirty days after September 8th to the insurance company and employer of the condition resulting from, or in, amputation; claim for compensation filed with the board January 18, 1933; claim heard and rejected by the board May, 1933; notice of unwillingness to abide by the board's decision given May 22, 1933; and this suit filed June 10, 1933.

From the foregoing it is obvious that the suit is based on a claim filed with the Industrial Accident Board within six months after the amputation of the toe, or ten years after the accidental injury. While the plaintiff testified that he "continued to work all the time without interruption as far as the injury was concerned," he also testified that he suffered pain "all the time from the time * * * of injury until the time it was amputated." At one place he testified that the pain and soreness resulting from the injury was intermittent during such time. From the nature of the testimony it conclusively appears that the injury was pronounced from the occurrence of the accident and the result thereof.

■ Notwithstanding this state of the testimony, a reading of the petition reveals that there are no allegations that any good cause existed excusing plaintiff from filing his claim with the Industrial Accident Board down to the filing of the same on January 18, 1933. This is a jurisdictional matter. Strict compliance with the statutory provision for the filing of such claims is required, and, without allegations and proof of good cause for failure to comply with this provision, the courts have no jurisdiction of the cause. We regard this as well settled under the following authorities: Ocean Accident & Guarantee Corp. v. Pruitt (Tex. Com. App.) 58 S.W.(2d) 41; Texas Emp. Ins. Ass'n v. Jones (Tex. Civ. App.) 70 S.W.(2d) 791; Texas Emp. Ins. Ass'n v. Wallace (Tex. Civ. App.) 70 S.W.(2d) 832; Pet. Cas. Co. v. Fulton (Tex. Civ. App.) 63 S.W.(2d) 1068; New Amsterdam Cas. Co. v. Chamness (Tex. Civ. App.) 63 S.W.(2d) 1058; Texas Emp. Ins. Ass'n v. Eaton (Tex. Civ. App.) 69 S.W.(2d) 569; Morgan v. Pet. Cas. Co. (Tex. Civ. App.) 40 S.W.(2d) 205; Durham v. Texas Indemnity Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 255; Holloway v. Texas Indemnity Co. (Tex. Com. App.) 40 S. W.(2d) 75; New Amsterdam Cas. Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175; Texas Indemnity Ins. Co. v. Bailey (Tex. Civ. App.) 297 S. W. 1042.

■ The delay in filing the claim from October, 1922, to January 18, 1933, not being excused and the burden of pleading and proving good cause for failure to file the claim being on the claimant, it follows that such unexcused delay to file the claim precludes the appellee from recovery under the pleadings.

■ Article 8309, § 1, R. S. 1925, defines injury under the Workmen's Compensation Law as follows: "The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

From the plaintiff's testimony, as above indicated, the accident in dropping the pipe on his foot in October, 1922, resulted in immediate damage or harm to the physical structure of claimant's toe. He was obliged to lay off from work three or four days, and suffered pain and soreness in that member from time to time until the toe was amputated. The fact, if it be such, that claimant did not sustain any incapacity to labor for about ten years after the accident, and that there may have been a delayed development of the injury resulting from the accident, is wholly immaterial except as such circumstances may have a bearing on the existence of good cause, if any, excusing the delay in not sooner filing the claim. This is our construction of the above statute, and we believe it is in harmony with the holdings and the logic of the above authorities.

The appellant challenges the jurisdiction of the trial court to pass upon this case on the ground that the amount actually involved brings it within the exclusive jurisdiction of the county court. The pleadings present that, by reason of an accidental injury sustained in the course of his employment, it became necessary to have the great toe amputated, and further pleaded "that in addition to the loss of said toe the plaintiff had suffered such severe pain in his said foot that the use of his foot has been impaired to the extent of twenty-five per cent. of normal, all of which the plaintiff believes and avers is permanent." The pleadings are meager and unsatisfactory, but they appear to claim compensation on the basis of an average weekly wage of $31.50 per week under either subdivisions 1, 2, or 3 of section 1, art. 8309, R. S.

1925. If it be compensation for the loss of the great toe which the plaintiff seeks, then clearly the possible maximum recovery based upon such average weekly wage brings the amount involved within the concurrent jurisdiction of the county and the district court. American Emp. Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845. If he seeks to recover for 25 per cent. permanent disability to the foot, the possible maximum recovery based upon the same average weekly wage, would also bring the case within the jurisdiction of said courts. Upon either theory the case is properly filed in the district court.

Further, we cannot say there is no evidence in the record to support the finding of the trial court wherein he states, "I find that the plaintiff in good faith thought he had a law suit entitling him to a recovery of more than $500, and that plaintiff in good faith thought he had lost the entire use of his big toe. * * *"

Hence, we conclude that there is no merit to the jurisdictional question here raised and based upon the amount involved. We think this conclusion correct for the additional reason that the defendant did not challenge, as fraudulently made, the allegation of $31.50 weekly wage as a basis for recovery, and, further, only the allegations relating to the injury, or disability to the foot, were charged to be fraudulent, and not those pertaining to the toe.

The appellant makes the point that the appellee attempts to combine the amount of recovery sought for injury to the foot with that for the loss of the toe in order to create a jurisdictional amount warranting the filing of the suit in the district court. That court has jurisdiction of the cause for reasons heretofore given. It was obviously unnecessary to combine the alleged amounts in order to create a jurisdictional amount cognizable in the district court. Each injury involved is an injury to a specific member under section 12, art. 8306, R. S. 1925. If there was impairment of the use of the foot, other than that merely resulting to it from the loss of the toe, there would be liability supporting recovery in proportion to such impairment of the use of the foot, but, if the foot was not impaired except as it was affected by the loss of the toe, there would be no recovery for foot impairment. In the latter case, there would be liability for loss of the toe, but there could be no recovery at the same time for the impairment of the use of the foot. Under such circumstances involving the foot and the great toe thereof, the two injuries could not be combined and double recovery made for the same. Lumbermen's Reciprocal Ass'n v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982; Texas Emp. Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84; Ætna Life Ins. Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446.

A further assignment of error addressed to the insufficiency of plaintiff's pleadings is sustained. There were no allegations in plaintiff's pleadings of the existence of the conditions under which the employee had a right to call upon the insurance company to furnish him medical and hospital services. Section 7, art. 8306, R. S. 1925; Texas Emp. Ins. Ass'n v. Wilson (Tex. Civ. App.) 21 S.W. (2d) 599.

The cause having been tried upon a different and erroneous theory, the judgment of the trial court is reversed, and the cause remanded.

### On Rehearing.

On a former day of this term of court, we reversed the judgment of the trial court in this cause, and remanded same. Thereupon both appellant and appellee made motions for a rehearing. These motions will now be considered together.

In the appellant's motion for rehearing, our attention is called to an error in the original opinion. In that opinion the jurisdictional amount set forth by the pleading was computed upon the basis of article 8306, § 12, R. S. 1925, which reads as follows: "For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent of the average weekly wages of such employee, but not less than $7.00 per week nor exceeding $20.00 per week. * * *"

This statute became effective about July 3, 1923. The accidental injury complained of in this suit occurred in October, 1922. At that time, and under the contract of insurance then covering the employee the statute fixing compensation for injuries read as follows: "For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employee, but not less than $5.00 per week nor exceeding $15.00 per week, for the respective periods stated herein." Chapter 103, part 1, § 12, Acts of the 35th Legislature, 1917, as found in volume 18, Gammel's Laws 1917.

■ For the purpose of computing the jurisdictional amount, the calculation should have been based upon the terms of the last-quoted statute. The contract of insurance and 'the statute under which it was issued control the compensation to be paid the employee as the result of the accident and injuries suffered. Associated Emp. Reciprocal v Brown (Tex. Civ. App.) 56 S.W.(2d) 483.

The alleged average weekly wage was $31.50, and the statute provides that "for the loss of the great toe sixty per cent of the average weekly wages during thirty weeks," and in case of the loss of the foot "sixty per cent of the average weekly wages during 125 weeks."

Computing the jurisdictional amount based upon the loss of the toe and upon said weekly wages, we find that 60 per cent. of $31.50 is $18.90, but the maximum allowance under the statute last quoted is $15 per week; hence $15 multiplied by 30 weeks amounts to $450, the maximum amount thus claimed, or recoverable, for the toe. This amount is, of course, not within the concurrent jurisdiction of the county and district court, and it is thus apparent that, in proceeding upon the basis of the statute first quoted, we erred in the conclusion that the amount sought to be recovered for the loss of the toe was within the jurisdiction of the district court.

■ Computing the jurisdictional amount based upon the injury to the foot, or the alleged 25 per cent. disability resulting thereto from the injury, we have the following results: Sixty per cent. of $31.50 equals $18.90. For 25 per cent. disability to the foot, we take one-fourth of $18.90, which gives a quotient of $4.725. This quotient multiplied by 125 weeks gives the sum of $590.625, a sum within the jurisdiction of the district court itself. However, the $4.725 is not necessarily the amount to be multiplied by 125 weeks, for the simple reason that the weekly compensation cannot, under the statute, fall below $5 per week as a minimum. Therefore, instead of multiplying $4.725 by 125 weeks, we multiply the $5 minimum by 125 weeks, which gives $625, the maximum claimed for the foot injuries. This, of course, is well within the jurisdiction of the district court.

This method of computation is upheld in the following cases: General Accident Fire & Life Assurance Corp. v. Bundren (Tex. Civ. App.) 274 S. W. 671; Id. (Tex. Com. App.) 283 S. W. 491; Maryland Casualty Co. v. Ferguson (Tex. Civ. App.) 252 S. W. 854; Texas Emp. Ins. Ass'n v. Maledon (Tex. Com.

App.) 27 S.W.(2d) 151; Maryland Casualty Co. v. Donnelly (Tex. Civ. App.) 50 S.W.(2d) 388. These authorities construe the above statutes.

■ Further, in our original opinion we sustained an assignment of error to the action of the trial court in overruling a special exception to the part of the plaintiff's petition attempting to allege medical expenses, etc., in the sum of $100.

Whatever the deficiency in matter of pleading setting up this claim of $100, the amount thereof would nevertheless be a part of the jurisdictional amount involved in this suit. The pleadings would be subject to amendment. That sum added to the maximum recovery possible in the case of the injury to the toe or the foot would make either of those amounts definitely within the jurisdiction of the district court. It follows that we reach the same ultimate conclusion adopted in the original opinion.

For the reasons here assigned and in response to the appellant's motion for a rehearing, our original opinion is modified to the extent here indicated. For the reasons assigned in the original opinion, we overrule the appellee's motion for rehearing.