**McNALEY et al. v. SEALY et al.**
No. 8757.

Court of Civil Appeals of Texas. Austin.
March 23, 1938.

Hartgraves, Swaim & Swaim, of Eden, and Frank C. Dickey, of Ballinger, for appellants.

Critz & Woodward, of Coleman, and Paul Petty, of Ballinger, for appellees.

BAUGH, Justice.

Appellees have filed motion to dismiss this appeal, urging several grounds in support thereof. The appeal is from an adverse judgment of the trial court upon a jury verdict against the appellants in a suit by them to set aside the will of S. V. Payne, deceased, wherein the appellees are named executors, and together with Mrs. Lizzie Orr, a sister of the deceased, are beneficiaries.

The first ground urged is the failure of the appellants to comply with rules 84 to 94 for district and county courts, in the preparation of transcript. The caption of the transcript recites that Hon. O. L. Parrish, judge of the district court, was presiding. The case was tried, however, before Judge W. A. Chapman. His orders recite that he was sitting in lieu of and by exchange of benches with Judge Parrish. The caption fails to show where said district court was held and when the term of said court ended, as required by rule 91 for district and county courts. Nor does the transcript show the proceedings had in the order in which they occurred. The transcript is bound together with a cord or string, but this cord is not fastened together with any seal of the court as required by rule 90 for district and county courts.

While the appellees have filed a motion to dismiss the appeal on these grounds, nowhere do they raise any question but that copies of all the proceedings in the district court are embodied in the transcript. Nor do they raise any question but that the transcript as filed correctly reflects the proceedings in the trial court.

While we would probably be justified, because of such failure to observe the court rules, in dismissing the appeal (see Texas Employers' Ins. Ass'n v. Wilson, Tex.Civ.App., 21 S.W.2d 599; Wilson v. Clark, Tex.Civ.App., 252 S.W. 881; Locker v. Miller, 59 Tex. 499), we think that the better procedure to be that outlined in the cases of Johnson v. Mangum, Tex.Civ.App., 227 S.W. 750, and Conner v. Downes, 32 Tex.Civ.App. 588, 74 S.W. 781, 75 S.W. 335, and afford the appellants an opportunity to correct the transcript so that same will conform to the court rules above cited. See also 3 Tex.Jur. §§ 503–505, pp. 704–709. If, therefore, such a corrected transcript is filed in this court within two weeks from this date, the motion in this respect will be overruled.

It also appears that the bond filed by the appellants in this case is in the exact amount fixed by the district clerk, instead of double the amount as required by law. The bond is therefore insufficient. Appellants will likewise be given two weeks time in which to file a corrected bond in compliance with law.

As to the appellants Mrs. Lizzie Orr and husband, J. R. Orr, the appeal must be dismissed. Mrs. Lizzie Orr did not contest the probate of said will in the probate court, and was made defendant in the suit in the district court to set the will aside. Upon the trial of the case she filed application to be permitted to elect not to accept under said will, but to become a plaintiff in the trial court to set the will aside. This application on her part was denied by the trial court, on the ground that she had already accepted numerous payments under the will and had therefore ratified and confirmed it. The trial court's judgment ran in her favor as an original defendant in so far as the contest was concerned. The record discloses that she gave no notice of appeal from the judgment of the trial court. It is now settled that this is a necessary prerequisite to her right to prosecute an appeal. See 3 Tex.Jur. § 190, p. 284, and cases there cited. The appeal, therefore, as to her and her husband, J. R. Orr, will be dismissed.

Unless, therefore, the appellants file in this court within two weeks from this date a transcript complying with the court rules above indicated, and an amended bond in compliance with law, as indicated, the appeal as to the remaining appellants will likewise be dismissed.

Granted in part and in part overruled.