**TEXAS EMPLOYERS' INS. ASS'N v. STOREY et al. (No. 1240—5276.)**

Commission of Appeals of Texas, Section A. May 29, 1929.

Leachman & Gardere and S. P. Sadler, all of Dallas, for plaintiff in error.

F. M. Fitzpatrick and W. V. Dunnam, both of Waco, for defendants in error.

CRITZ, J. This suit was filed in the Seventy-Fourth district court of McLennan county, Tex., by Texas Employers' Insurance Association, whom we hereafter designate as plaintiff, against Mrs. Annie Storey and her minor son, whom we hereafter designate as defendants, to set aside an award of the Industrial Accident Board, in favor of defendants and against plaintiff, for compensation under the terms of the Employers' Liability Act of this state. The case was tried before the district court without the intervention of a jury, and said court rendered judgment in favor of defendants, upholding the award of the Accident Board, for compensation at the rate of $20 per week, for 360 weeks, being the full amount allowed by law. Judgment was also rendered against the plaintiff for $150, which sum was allowed the guardian ad litem appointed by the court to represent the minor defendant, and also judgment went against plaintiff for all costs. This judgment was appealed from by plaintiff to the Court of Civil Appeals for the Tenth District at Waco, which court in all things affirmed the judgment of the trial court. 7 S.W.(2d) 913. The case is now before the Supreme Court on writ of error granted on application of plaintiff.

The facts of this case are undisputed, and the main question presented is the amount of compensation which should be allowed under the statute. The service record of the deceased shows that he was employed at the time of his death by Texas Power & Light Company, a corporation, in the capacity of lineman, and had been so employed by such company continuously for about five years prior to his death. Said corporation carried its insurance with plaintiff. The record further shows that for three years immediately preceding his death said company had paid him a monthly salary of $145 per month, which was paid twice a month, and that his employment required him to actually work about every seventh or eighth Sunday, and

also to hold himself in readiness to work on any other Sundays if an emergency existed and if it was necessary. The company had the right under the contract of employment to call on him any Sunday it wanted to. Deceased was paid by the month, and this monthly salary covered compensation for all Sunday work. The company, however, only required him to work about every seventh or eighth Sunday regularly, and any other work he did on Sunday was in case of an emergency. Also, in addition to the above, deceased worked overtime during the year preceding his death, for which he was paid at the rate of time and one-half. It seems that a day's work was nine hours. The actual earnings of deceased for the year preceding his death was his salary, amounting to $1,740, plus $19.86 overtime, or a total year's earning of $1,759.86.

It is the contention of plaintiff that the average weekly wage of the deceased should be computed as follows: Divide the monthly wage by 30; then multiply by 300; then divide by 52. Plaintiff further contends that the compensation should be 60 per cent. of this result, or $16.72 should be the weekly compensation allowed.

A calculation by the above contended for method will disclose the following result: $145 divided by 30 equals $4.83, the contended for average daily wage; $4.83 multiplied by 300 equals $1,449, the contended for annual wage. Divide $1,449 by 52, and the result is $27.86, the contended for average weekly wage. Then take 60 per cent. of the weekly wage for the amount of weekly compensation. The result is $16.72, the contended for weekly compensation.

.. We think that to state the contention and calculate its results is to demonstrate the fallacy and unfairness of the contention. In other words, it is contended that the actual average daily wage should be computed by dividing his monthly earnings by 30, the approximate number of actual days in a month, and then compute his wages for the purpose of fixing compensation at the statutory year of labor, or 300 days, and this even though deceased worked substantially more than a year. We do not agree to this contention.

█ We think that the service record of the deceased shows that he worked more than a 300-day year of labor, and even more than a full calendar year of 365 days, and that therefore the compensation to be allowed herein should not be computed under either subdivisions 1 or 2 of section 1 of article 8309, R. C. S. of Texas 1925, and will therefore have to be computed under subdivision 3 of section 1 of said article. Petroleum Casualty Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553.

As shown above, deceased earned $1,759.86 during the year preceding his death. He worked about 368 days, counting overtime. Therefore his actual average weekly wage was about $33.84. Sixty per cent. of this amount is more than $20 per week, the maximum amount of compensation allowed under the statute. This amount is certainly just and fair to both parties.

█ It is contended by plaintiff that subdivision 3 of section 1 of article 8309, supra, is unconstitutional and void because it delegates to the Accident Board power to suspend a law, and is an attempted delegation by the Legislature of legislative power to said Accident Board contrary to the Constitution. In other words, it is contended by plaintiff that the effect of said subdivision 3, supra, is to give the board and the courts uncontrolled and unbridled power and discretion regarding rules which should be applied in computing average weekly wages, under said subdivision 3, and that to uphold said subdivision as valid would be to authorize said board to suspend laws, and would sanction the exercise of inherently legislative power by an administrative board in violation of section 28 of article 1, and section 1 of article 2 of our State Constitution.

The following are the constitutional provisions mentioned:

"Article 1, § 28: 'No power of suspending laws in this state shall be exercised, except by the Legislature.'

"Article 2, § 1: 'The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to-wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.' "

We do not think that said subdivision 3 of the statute mentioned is in violation of either of said constitutional provisions. It does not have effect to confer on the Accident Board or the courts power to suspend either subdivision 1 or 2 of said section 1 of article 8309, nor does it have effect to give the Accident Board or the courts legislative power to fix arbitrary rules for computing compensation. As said in Petroleum Casualty Co. v. Williams, supra: "Also in construing Subdivision 3 of the act we should do so in the light of Subdivisions 1 and 2. It was the intention of the Legislature that compensation should be as nearly just and uniform as justice and the facts of the case will permit. Therefore, in measuring the compensation to be awarded under Subdivision 3, the two preceding subdivisions should be looked to, to the end that the entire meaning and general purposes of the act may be ascertained and justly and uniformly carried out."

We think that, when subdivision 3 is construed in the light of the entire act and especially in the light of said subdivisions 1

and 2, it is not subject to any constitutional objection. It does not vest in the board or the courts unbridled power to refuse to apply either subdivision 1 or 2 when they do legally apply, and it does not give the board or the courts unlimited power to fix any arbitrary rule or standard which it may desire to compute the average weekly wage thereunder.

The clear meaning of the act, and undoubted intention of the Legislature, as disclosed from the very wording of the act itself, is that the compensation under subdivision 3 shall be just and uniform. In no event can it be unjustly or arbitrarily applied. The power given the board and the courts is to ascertain the facts.

We have examined the other questions raised, and in our opinion the Court of Civil Appeals has correctly decided this case.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.