## MARYLAND CASUALTY CO. v. HODGE.

### No. 5793.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1931.

M. Nagle and Maury Kemp, both of El Paso, Tex. (E. R. Smith, of El Paso, Tex., on the brief), for appellant.

R. K. Gillen and Ben H. Gallagher, both of Dallas, Tex. (Caldwell, Gillen, Francis & Gallagher, of Dallas, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

Appellee, hereafter referred to as plaintiff, brought suit in a state court to set aside an award of the Industrial Accident Board of Texas, and, alleging total disability resulting from injury to his eyes, prayed for a lump sum settlement under the provisions of the Workmen's Compensation Law of Texas (Rev. St. 1925, art. 8306, § 15). The suit was removed to the District Court by appellant, hereafter referred to as defendant. Appellant defended on the grounds that plaintiff had failed to file his claim with the board within six months after the accident, as was required by the statute; that he had been paid in full for his injuries, and had executed a release; that his injuries were not permanent, and resulted from pre-existing tracoma. The suit was tried to a jury, and resulted in a verdict for plaintiff, on which judgment was entered in the sum of $5,411.27. From that judgment this appeal is prosecuted. The questions presented are raised by assignments of error running to the action of the court in striking out the evidence as to the release and refusing to direct a verdict for defendant.

The following material facts are not in dispute: Plaintiff was an oil field worker employed as a roustabout at Crane, Tex., by the Pecos Oil Company, a subscriber to the Texas Compensation Laws, for whom defendant had written a policy of indemnity. On December 17, 1927, he was connecting a two-inch pipe, called a riser, that goes out from the bottom of the derrick floor, which was in the line of his duties. While he was connecting the pipe, the well made a "head," and oil, rust, and gas coming out through the riser struck him in the face. His eyes were affected, and he suffered great pain. He was taken home and given treatment by his sister,

128

who had had training as a nurse. The next day he was treated by Dr. Stewart of Crane, and spent three days in his hospital. He then went to the hospital of Dr. Cook in Crane, and received further treatment. He next went to Dallas for treatment, and, while there, called on the defendant's agent, McDermott. He received treatment from other doctors. The medical testimony is in conflict as to the extent and probable continuance of plaintiff's injury, but it clearly preponderates to the effect that in his left eye there was practically no vision and that his right eye was only from 20 to 25 per cent. normal. There was testimony from the doctors to the effect that his condition could have been caused by the accident, and would probably get worse, and also other testimony tending to show that his injury from that source would be temporary and that his eyes showed evidence of pre-existing tracoma. On the whole, however, the question of his total permanent disability was clearly for the jury. It was not error to deny a directed verdict.

■ While in Dallas plaintiff executed a release to defendant on a standard form, and was paid a total of $77.90 by McDermott on January 10, 1928. His weekly compensation would have been $15.58. McDermott testified that plaintiff signed the release, and that before he did so it was read to him. On the other hand, plaintiff testified that he could not see what was in the document, that he thought it was a receipt for money advanced, and did not know it was a release. In charging the jury, the court excluded the release from their consideration on the ground that it was neither alleged nor shown that the release had ever been approved by the Industrial Accident Board or any court of competent jurisdiction. The Workmen's Compensation Law of Texas, section 14 of part 1, art. 8306, Revised Civil Statutes, provides that no agreement by an employee to waive his rights to compensation under this act shall be valid. Other parts of the same article provide that such questions shall come under the jurisdiction of the board. The amount paid the plaintiff in settlement was no more than he would have been entitled to as weekly compensation. It is plain that the settlement was without adequate consideration, and void under the law. Farris v. U. S. Fid. & Guar. Co. (Tex. Civ. App.) 251 S. W. 612. It was not error to exclude it from the consideration of the jury.

■ It was stipulated that plaintiff made claim for compensation to the Industrial Accident Board on June 30, 1928, that he made claim to the defendant within six months following December 17, 1927, the date of the accident, and that the defendant and the Pecos Oil Company, his employer, had notice and knowledge of the accident and injuries within thirty days following December 17, 1927. The Workmen's Compensation Law, section 4a of article 8307, Revised Civil Statutes of Texas, provides for notice to the employer and insurer within thirty days of the happening of the accident, and that a claim for compensation shall be made within six months after the occurrence. But the said section also provides that for good cause the board may in meritorious cases waive strict compliance with the limitations as to notice and the filing of the claim before the board. The requirements as to notice were complied with, but the claim was filed a few days too late. However, as the board entertained it, it must be presumed that that irregularity was waived. The Texas courts have liberally construed the statute in favor of workmen, and have held that informal notice of injury and demand for compensation is sufficient. Texas Employers' Ins. Ass'n v. Tabor (Tex. Civ. App.) 274 S. W. 309, affirmed by the Commission of Appeals, 283 S. W. 779; Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386. It is apparent from the provisions of the statute and the just cited cases that a substantial compliance with the provisions as to notice and filing of the claim is all that is required. Plaintiff's action was not barred by the few days' delay in presenting his claim to the board.

■ In the course of the trial, plaintiff testified that before he was employed by the Pecos Oil Company he worked for the Gulf Production Company, doing similar work, and that at the time he went to work for the latter company he was given a physical examination, part of which was directed to his eyes. An objection to this testimony was overruled. As the testimony did not go to the extent of telling what condition of his eyes the examination showed, it was not objectionable, and the error in admitting it, if any, was harmless.

The record presents no reversible error.

Affirmed.