## INDEMNITY INS. CO. OF NORTH AMERICA v. JAGO.

### No. 2232.

Court of Civil Appeals of Texas. Beaumont.

May 20, 1932.

Rehearing Denied May 25, 1932.

Barnes & Barnes, of Beaumont, for appellant.

B. C. Johnson, of Port Arthur, for appellee.

WALKER, J.

This suit was filed by appellant, Indemnity Insurance Company of North America, against appellee, Mrs. Minnie L. Jago, in the nature of an appeal from a final award of the Industrial Accident Board. The case as first tried resulted in judgment in favor of Mrs. Jago, which was reversed upon appeal. Insurance Co. v. Jago (Tex. Civ. App.) 12 S.W. (2d) 817; Jago v. Insurance Co. (Tex. Sup.) 36 S.W.(2d) 980. This appeal is from a second trial with judgment again in Mrs. Jago's favor for compensation for 360 weeks at $20 per week beginning the 14th day of February, 1927. As shown in the report of the former appeal in this case, Mrs. Jago's claim for compensation is based upon the death of her brother, who died on February 14, 1927, as the result of injuries received by him in the course of his employment with Gulf Refining

Company. Appellant presents its appeal upon the following propositions.

■ H. E. Gardner, the head pay roll clerk of the Gulf Refining Company, in charge of the time and records of its employees, testified, from the original records which were in his possession while he was testifying, that for the year preceding February 14, 1927, Alonzo B. Walls, the deceased brother of appellee, worked 361 eight-hour days and one sixteen-hour day, for which he was paid by Gulf Refining Company the sum of $2,606.40. The witness had been connected with Gulf Refining Company since 1918, and had occupied the position of head pay roll clerk since November, 1922, and the records from which he was testifying were in his care and custody at the time they were made. This testimony was not subject to the objection brought forward by appellant's first proposition, that it was "hearsay testimony and wholly incompetent." While the witness did not personally make the entries offered in evidence, the original records, of which these entries formed a part, were made under his supervision, and he had their care and custody when they were made, and the entries appeared to have been kept in the regular transaction of the business of Gulf Refining Company. Smith Detective Agency v. Bank (Tex. Civ. App.) 260 S. W. 273; Heid Bros., Inc., v. Bank (Tex. Com. App.) 240 S. W. 908, 24 A. L. R. 904; Joy v. Fakes Fur. & Carpet Co. (Tex. Civ. App.) 286 S. W. 611, sustain the admissibility of Mr. Gardner's testimony.

■■ As the basis for calculating the average weekly wage of the deceased, appellee pleaded that his average weekly wage was more than $40; that he worked in the same employment for the preceding 12 months, 362 days, and earned more than $2,606.40. Under Petroleum Casualty Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553, and Texas Employers' Ins. Ass'n v. Storey (Tex. Com. App.) 17 S.W.(2d) 458, the facts thus pleaded brought the claim within the provisions of subdivision 3 of section 1 of article 8309, R. S. 1925, and excluded subdivisions 1 and 2. This follows because subdivisions 1 and 2 provide for compensation upon the basis of 300 days' service within one year, while appellee pleaded 362 days. The testimony of the witness H. E. Gardner, given above, fully supports the judgment in appellee's favor, fixing the compensation at $20 per week. It follows that appellant's second proposition that appellee failed to make out a prima facie case of average weekly wage must be overruled.

■■ By the third and fifth propositions, it is contended that appellee offered no evidence that notice was given within 30 days after his injury; that A. B. Walls had suffered an injury, that is, that such notice was given neither to appellant nor to Gulf Refining Company; and further that the evidence offered by appellee on this issue was "irrelevant, immaterial and incompetent." These propositions are overruled. Walls received an injury on the 14th of February, 1927, from which he died immediately. Dr. Orrill testified that he had been treating patients from the Gulf Refining Company for a period of about 9 years, and that he was called to the Gulf Refining Company's plant at Port Arthur on February 14, 1927, to see A. B. Walls, and, when he reached the plant, Walls had been taken from the place where he was injured, and was dead. He said at that time that he mailed to Mr. Clawson, claim adjuster for appellant at Port Arthur, a report of the death of Mr. Walls. On the 13th of April, 1927, Mr. Clawson, as superintendent of the Port Arthur claim division of appellant, gave to appellee's attorneys a written statement that it had received from Mrs. Jago notice of injury and claim for compensation for the death of A. B. Walls. The facts clearly show notice, both to the subscriber and to the appellant, within 30 days after the death of Walls. But, this being a death case, the 30 days' notice required by section 4a of article 8307, R. S. 1925, has no application. Texas Employers' Ins. Ass'n v. Lovett (Tex. Civ. App.) 19 S.W.(2d) 397; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 220 S. W. 380.

■ There is no merit in the contention that appellee failed to show that Rex Clawson, who gave the written statement of notice referred to above, was the agent of appellant. On this issue Dr. Orrill testified that Mr. Clawson was appellant's agent and that notice was given to him as such. The statement referred to above, written upon a letterhead of appellant, was as follows:

"Indemnity Insurance Company of North America
"Philadelphia

"Rex Clawson, Supt. Port Arthur Claim Division 417 Adams Building
"Port Arthur, Texas April 13th, 1927.

"Rose & Johnson, Attys., Room 301–2 Adams Building, Port Arthur, Texas

"In Re: C–76009–Alonzo B. Walls-Gulf Refining Company. (Deceased)

"Gentlemen: We acknowledge receipt of Notice of Injury and claim for Compensation, signed by Minnie L. Jago, in the above case, which was received by us on March 9th, 1927.

"Yours very truly,
"[Signed] Rex Clawson
"Supt. Port Arthur Claim Division.
"RC/JM"

■ The objection that the proof failed to show that A. B. Walls was injured in Jefferson county, and that Port Arthur is in Jefferson county, and that Jefferson county is in Texas, is overruled. The proof was that

Walls was injured in the Gulf Refining Company's plant, and that it is in Port Arthur, and that Port Arthur is in Jefferson county, and the statement given by Rex Clawson, copied above, shows on its face that Port Arthur is in Texas.

■■ We overrule the contention that appellee failed to allege facts showing that Walls' "injuries, if any, were incident to or arose out of his employment by the Gulf Refining Company." On this issue appellee pleaded as follows:

"And, by way of cross action, she says that heretofore, to-wit, on February 14, 1927, the Gulf Refining Company was, and had been long prior thereto, and thereafter was a corporation engaged in refining oil and its products, and had and maintained a plant in Jefferson County, Texas, near Port Arthur, where it had a large number of employees, including Alonzo B. Walls, brother of this cross plaintiff, who was injured and killed in the course of his employment on or about said 14th day of February, 1927."

"That at the time of the injuries and death of said Alonzo B. Walls, and for more than a year prior thereto, he had been employed by the Gulf Refining Company. * * *"

On these allegations, the petition was not subject to the general demurrer because it was not affirmatively alleged that Walls' injuries "arose out of" his employment. The fourth subdivision of article 8309, defining "injuries sustained in the course of employment," declares that the definition of that term, excluding certain injuries, "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." For the same reason, the failure to allege "that A. B. Walls, at the time and place in question, was working in the usual course of trade, business or profession or occupation of Gulf Refining Company," did not render the petition bad on general demurrer, as appellant insists in its ninth proposition. These points were not raised by special exception, but only by general demurrer.

■■ The tenth proposition is that there was not a scintilla of evidence "that A. B. Walls, at the time he received injuries, if any, resulting in his death, was then and there engaged in the usual course of trade, business, profession or occupation of the Gulf Refining Company." This contention is overruled. His helper, Gilbert Poole, testified that they were working together on the stills of the Gulf Refining Company in Port Arthur; that the deceased went up on a platform to look after the agitators; that he did not return within twenty or thirty minutes, which made the witness uneasy; that he went up on the platform and found Mr. Walls dead; that deaths occurred now and then from gas escaping from the agitators. Dr. Orrill testified that, in his judgment, the death of Mr. Walls was occasioned by gas.

For the reasons stated, the judgment of the lower court is in all things affirmed.