## PETROLEUM CASUALTY CO. v. LEWIS.
### No. 2885.

Court of Civil Appeals of Texas. El Paso.
Oct. 5, 1933.

Rehearing Denied Oct. 26, 1933.

K. W. Gilmore, of Houston, and Hart Johnson and R. D. Blaydes, both of Fort Stockton, for appellant.

W. C. Jackson, of Fort Stockton, B. F. Howell, of Rankin, and Kerr & Gayer, of San Angelo, for appellee.

HIGGINS, Justice.

The appellee, Lewis, brought this suit against the Petroleum Casualty Company, appellant, to set aside an award of the Industrial Accident Board, dated July 20, 1932, upon a claim for compensation.

Judgment was rendered in favor of Lewis for $20 per week for 67 weeks.

Appellee was an employee of the Humble Pipe Line Company, and was accidentally injured on January 6, 1932. Appellant was the insurer under the Workmen's Compensation Act.

April 26, 1932, appellant and appellee, in writing, entered into a compromise agreement settling appellee's claim for $350, in addition to $200 theretofore paid. The agreement is in proper form, and was made subject to the approval of the Industrial Accident Board. At this time no claim for compensation had been filed with the board.

By letter dated April 28, 1932, received by the board the next day, appellant submitted the compromise agreement to the board for consideration and approval.

On April 29, 1932, Messrs. Adams and Stanford of the board evidenced their approval of the compromise agreement by indorsing thereon O. K. and signing same.

Appellant's claim for compensation was dated May 2, 1932, filed with the board May 4th. With the claim was a letter to the board from appellee, in which he advised the board "to disregard the compromise settlement as he was not satisfied with the agreement and that the amount was too small and he did not understand the meaning of the agreement and had only the advice of a physician employed by the Insurance Company."

May 3d the board wrote appellant advising "that Compromise Settlement Agreement submitted in the above styled cause is satisfactory to the Board and that upon the filing of receipt or receipts evidencing the payment of the amount agreed upon the same will be finally approved and the usual order entered disposing of the case."

This letter is signed "Industrial Accident Board, Assistant Secretary."

May 4th appellant wrote Lewis:

"We have received letter from the Industrial Accident Board notifying us that the Compromise Settlement Agreement covering your claim has been approved. We, therefore, have issued and enclose herewith our check in the amount of $350.00 in full settlement of the amount stipulated in the agreement.

"You will note two receipts attached to this check. Both of these receipts must be signed by you and left attached to the check when presenting for payment."

The check referred to in the letter was returned to appellant by Lewis, with the statement that he could not accept the amount, for the reason it was insufficient to compensate him for the injury received.

On May 9th the board wrote Lewis:

"We have your letter of the 2nd instant, in which you advise the Board that you do not wish to abide by the compromise settlement agreement you entered into with the Petroleum Casualty Company by the terms of which they agreed to pay you $350.00 in addition to $200.00 already paid making a total of $550.00.

"This agreement was filed in this office April 29, 1932, and approved by the Board on the same day. If you do not wish to accept the money it will be necessary for the Board to set the case for hearing in order that proper proof may be submitted and a proper order entered of record."

This letter is signed: "Industrial Accident Board, Secretary."

On May 28th the board wrote Mr. Howell, attorney for Lewis, as follows:

"We are in receipt of your letter of May 24th and as we construe what you have said, the claimant has refused to accept the amount stipulated to be paid by the Compromise Agreement. With that understanding, we are setting this case for hearing. However, it will be impossible that we hear this case on any day other than Tuesday which is our regular hearing day. If it is inconvenient for the claimant to appear in person, we suggest that he be examined by a competent physician and that the report of that physician be forwarded to us.

"On May 9th our Secretary addressed a letter to Mr. H. H. Lewis stating that the agreement in this case had been approved by the Board on April 29th. That was an error. The agreement has not been finally approved but on May 3rd the interested parties were advised that the Agreement as submitted was satisfactory to the Board and would be approved upon the filing of receipts evidencing the payment of the money agreed upon."

On May 28th the board advised the parties that the case was set for hearing June 7th:

"First, on compromise settlement agreement, and

"Second, if this is not approved, then on its merits to hear evidence to determine liability of Insurance Company, degree of incapacity of claimant and all questions incident to the main issues on which the case is set, including reduction of the period with corresponding increase in rate."

The hearing was later reset.

On July 20th the board made its award as follows:

"On this 20th day of July, 1932, after due notice to all parties, came on to be considered by the Industrial Accident Board claim for compensation by H. H. Lewis against the Petroleum Casualty Company, and the Board finds and orders;

"The compromise settlement agreement was heretofore on April 28th, 1932, entered into and presented to the Board and on April 29th, 1932, it signified a willingness and intention to approve said agreement, such action not being a final disposition of the claim under the law and rules of the Board.

"It now appearing the compromise settlement agreement is in all things just, fair and reasonable and no legal reason exists for refusal to give final approval, therefore said compromise settlement agreement is in all things approved, and upon payment by Petroleum Casualty Company of $350.00 to H. H. Lewis, as provided by said agreement, and filing the usual compromise settlement receipt evidencing such payment, the Petroleum Casualty Company will stand finally discharged from all liability on account of this claim for compensation."

The present suit is to set aside that ruling.

In behalf of the appellant, it is urged the compromise agreement was approved by the board on April 29th by the action of two of its members indorsing their O. K. thereon in the manner stated above; that this was the actual approval by the board, and left nothing to be done by the board except the formal matter of finally approving the agreement when it was furnished with receipt showing payment.

On behalf of appellee, it is contended the agreement was void until it was approved by the board, and until such approval appellee had the right to withdraw his agreement, which was done before the board finally acted upon the same.

Under the rulings in Employers' Indemnity Corporation v. Woods (Tex. Civ. App.) 230 S. W. 461; Id. (Tex. Com. App.) 243 S. W. 1085; Indemnity Insurance Co. v. Jones (Tex. Civ. App.) 299 S. W. 674, and Indemnity Co. v. Murphy (Tex. Civ. App.) 53 S.W.(2d) 503, it is quite clear that settlement contracts of the present nature are wholly ineffective until approved by the board. Appellant does

not question this view, but its position is that the agreement was approved on April 29th in the manner shown, and this, coupled with the tender of the amount agreed to be paid, precludes the appellee.

Section 12 of article 8307, R. S., provides: "Where the liability of the association or the extent of the injury of the employee is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

■ We do not think the authority thus conferred upon the board contemplates that it should approve compromise agreements until it has had an opportunity to inform itself as to the propriety of such approval, and has so informed itself. When the board has reached its conclusion, its decision should be formally made and entered of record, as in the case of other final rulings and decisions by it.

■ The O. K. indorsed upon the agreement and the letters of May 3d and May 9th indicate nothing more than a tentative approval of the compromise. This is plainly shown by the letter of May 28th to Mr. Howell and the action of the board in setting the matter for hearing at a later date and by its order of July 20th finally disposing of the matter by approving the settlement.

We hold that the agreement was never finally and legally approved by the board until July 20th.

Prior to that time appellee had withdrawn from his agreement to compromise, and returned the check tendered. Of such withdrawal the board was notified. The appellee's claim for compensation, when filed with the board, was accompanied by a letter notifying the board that appellee was dissatisfied with the settlement and for the board to disregard the same.

■ The cases above cited establish the rule that compromise agreements, until approved by the board, are void and wholly ineffective. Such being the nature of the contract, appellee had the right at any time before the board approved the contract to withdraw his assent thereto. He could do so for any reason satisfactory to him. He had such right, regardless of any issue of fraud practiced upon him in the procurement of his agreement to settle. It was not necessary for him, before the board or upon the trial in the court below, to show fraud, mistake, or any change in conditions in justification of his withdrawal from the contract. In view of the void nature of the contract until approved by the board, appellee had the absolute right to withdraw therefrom at any time prior to the board's approval.

By other propositions appellant complains of the action of the court in calculating the compensation to be paid appellee, as provided in section 11, art. 8306, rather than as provided in section 12; and also complains of increasing the weekly payments by a corresponding decrease in the number of weeks. These propositions are overruled. The first is ruled adversely to appellant in New Amsterdam Casualty Company v. Crow (Tex. Civ. App.) 16 S.W.(2d) 560. See, also, Texas, etc., v. Shilling (Tex. Com. App.) 289 S. W. 996.

The judgment contains a finding by the court that $4.57 per week would be insufficient and inadequate to meet the necessities of plaintiff, and the amount of the weekly payments should be increased by a corresponding decrease in the number of weeks. The undisputed evidence supports this finding, and authorized the judgment increasing the weekly compensation by a corresponding reduction in the number of weeks. Section 15a of article 8306.

Affirmed.