## CASUALTY RECIPROCAL EXCHANGE
### v. DAWSON.
### No. 1400.

Court of Civil Appeals of Texas. Eastland.
Feb. 22, 1935.

Rehearing Denied April 5, 1935.

285

E. C. Gaines, of Austin, for appellant.

Tirey & Tirey and Leighton B. Dawson, all of Waco, for appellee.

FUNDERBURK, Justice.

Wade H. Dawson, as employee of Geyser Ice Company, was by judgment of the court below awarded compensation insurance against Casualty Reciprocal Exchange, the insurance carrier of said employer. The injuries for which the compensation was allowed were received on August 9, 1933, while the employee was attempting, in the course of his employment, to deliver a 100 pound block of ice to a customer. Dawson had worked for the same company for a number of years, selling and delivering ice in the city of Waco. On or about the 6th day of November, 1931, he received an injury while so employed, but lost only about four days' time from his work. Shortly following the injury received August 9, 1933, he entered into a compromise agreement with the insurer which was submitted to the Industrial Accident Board for approval. The board, or members thereof, gave informal consent to such compromise settlement, and notified the parties that formal and final order would be made authorizing such compromise upon receipt of evidence that the amount agreed to be paid had in fact been paid. The employee about the same time gave direction to the board to disregard the compromise agreement and to set the claim down for hearing. Upon the hearing, the board, by formal order, refused to authorize the compromise settlement and awarded compensation to the employee. Jurisdiction of the matter was thereafter duly transferred to the district court, with the result above stated. The insurer has prosecuted appeal to this court.

■ The first question presented is whether or not the appellee became bound by the compromise settlement. The only evidence that the Industrial Accident Board approved the compromise settlement consisted of the following:

(1) A photostatic copy of the compromise settlement agreement whereon was noted the following:

"Ap. S 14307
Stanford
Adams
8/28/33"

(2) A letter by the secretary of the board to the insurer, with carbon copy to the employee advising "that Compromise Settlement Agreement submitted * * * is satisfactory to the Board, and that upon the filing of a receipt or receipts evidencing the payment of the amount agreed upon said agreement will be finally approved and the usual order entered disposing of the case." The insurer and the employee were without authority to make a binding compromise agreement. Approval of the Industrial Accident Board was necessary. R. S. 1925, art. 8307, § 12. No such final approval was shown. On the contrary, the final act by which the board exercised its jurisdiction upon the matter was one of disapproval. We are of the opinion that with or without cause the employee had the right until such final approval to withdraw his assent to the compromise settlement, and thereby leave the tentative compromise without binding force. It was so held in Petroleum Cas. Co. v. Lewis (Tex. Civ. App.) 63 S.W.(2d) 1066, and we are in agreement with the holding in that case.

■ The insurer sought to show that practically all, or at least the greater part, of appellee's incapacity resulted from the injury received November 6, 1931. The provision of R. S. 1925, art. 8306, § 12c is invoked to bar recovery, or in any event to limit recovery of compensation to a very small per cent. of disability. Said statutory provision is as follows: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury." We think that the injuries contemplated in said provision are only those for which the law provides that compensation shall be paid. Texas Emp. Ins. Ass'n v. Clark (Tex. Civ. App.) 23 S.W.(2d) 405. Where an injury is general and not specific, the liability is to compensate only for incapacity. There may be injury without incapacity, at least without such incapacity as the law requires compensation shall be paid, and such, according to the findings of the trial judge, was the injury of November 6, 1931. The law makes no provision to compensate for an incapacity of less than one week. R. S. 1925, art. 8306, § 6, as amended by Acts 1927, c. 60, § 1 (Vernon's Ann. Civ. St. art. 8306, § 6). The trial judge found, upon sufficient evidence, we think, that there was less than a week's incapacity resulting from the former injury. It is therefore our opinion that this contention cannot be sustained.

■ Even if we should be in error in holding that the said statutory provision applies only to an injury for which compensation is payable, the court's judgment is nevertheless correct because of the finding that the injury sustained on November 6, 1931, was not in any wise responsible for the defendant's total and permanent incapacity which was found to exist at the time of the trial. It may be true that the appellee's testimony showed a change of view regarding the comparative seriousness of his injuries received November 6, 1931, and those received August 9, 1933, but there was at most presented a question of his credibility as a witness, which has been resolved by the trial court against the appellant. There were, at any rate, no fatal inconsistencies in his testimony regarding the actual incapacity resulting from the former injury, and that it was not such as to entitle him to any compensation. There was sufficient evidence fully to warrant the conclusion that, however much pain and suffering, or other manifestations, may have resulted from the first injury, no incapacity which the law provides shall be compensated would have resulted except for the subsequent injury.

■ Appellee procured the taking of his own depositions which were, over the objection and exception of appellant, introduced in evidence upon the trial of the case, although appellee was personally present in court and gave further testimony upon the witness stand. This action also is presented as error. We think the court committed no error in admitting the depositions. The result of the decisions, both formerly and now, has been summarized in Texas Jurisprudence as follows: "Although by force of statute the rule was formerly otherwise, it is now no ground for objection to the reading of a deposition that the witness is present in the court and able to testify in person. * * *" 15 Tex. Jur. § 51, p. 94. By provision of R. S. 1925, art. 3768, the deposition of a party taken in his own behalf is, we think, made subject to the same rules governing the admissibility of the depositions of other witnesses.

■ Further complaint is made that the court erred in admitting in evidence the award of the Industrial Accident Board, and that, in the absence of the facts disclosed by said award, there was no evidence to show that due notice of the injury was given or that the claim was filed in time. We have heretofore held that an award of the Industrial Accident Board is itself evidence of the jurisdictional facts disclosed thereby. American Emp. Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845.

■ The next question presented related to the manner of determining the compensation to be paid. It appeared the appellee did not receive regular daily or weekly wages. Part of his compensation consisted of commissions on the sale of ice and other items. His employment required him to work seven days a week; the work being such as may lawfully be performed on Sundays. The weekly wages were computable under the provisions of section 1, subd. 3, rather than subdivisions 1 or 2 of R. S. 1925, art. 8309. The weekly wage was properly determinable by dividing the net wages for one year by 52, which was the method adopted by the court, and which we approve under authority of the following decisions: Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143; Tex. Emp. Ins. Ass'n v. Storey (Tex. Com. App.) 17 S.W.(2d) 458; Petroleum Casualty Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553; Fidelity Union Cas. Co. v. Carey (Tex. Com. App.) 55 S.W.(2d) 795; Indemnity Ins. Co. v. Jago (Tex. Civ. App.) 49 S.W.(2d) 943.

■ The appellee contends, by cross-assignments of error, that the trial court erred in refusing to include in the judgment rendered in his favor medical and hospital bills. The trial judge found as facts the following:

"The court finds that the defendant has incurred doctor's bills to the amount of $250.00 and hospital bills to the amount of $129.75, and that same were necessarily incurred and that same are fair and reasonable. However, the court finds that demand for surgical operation by the defendant Wade H. Dawson, before the Industrial Accident Board was denied by said Board, and the court further finds that no award was made on hospital bills and doctor's bills; however, the court finds that said surgical bills, doctor's bills and hospital bills were incurred after this court acquired jurisdiction thereof, and that same were necessarily incurred and were reasonable and the prices charged therefor are reasonable and necessary.

"The court further finds that defendant will necessarily incur doctor's bills in the future in the sum of $300.00."

Upon these findings of fact, the judge concluded "that the defendant is not entitled to a recovery of the doctor's bills and hospital bills incurred, and that he cannot recover for doctor's bills that shall accrue in the future." We are unable to say that the court did not reach the proper conclusion based

upon his findings of fact. No complaint is made as to the sufficiency or correctness of the findings of fact. The judge's findings of fact do not include facts showing the existence of the conditions under which the employee had a right to call upon the insurance company to furnish him medical and hospital services. Texas Emp. Ins. Ass'n v. Whitesides (Tex. Civ. App.) 77 S.W.(2d) 767; Tex. Emp. Ins. Ass'n v. Wilson (Tex. Civ. App.) 21 S.W.(2d) 599.

Being of the opinion that no error is shown and that the judgment of the court below should be affirmed, it is so ordered.

### On Rehearing.

Our attention is directed to the omission in our original opinion to discuss appellant's fifth proposition presenting the contention that there was no competent evidence of timely notice of injury or filing of claim for compensation with the Industrial Accident Board, because the only evidence consisted of a rubber stamp notation reading "Industrial Accident Board State of Texas Received August 17, 1933." The opinion seems to be subject to the criticism made. We regard the question presented as having been determined by this court in the cases of Texas Employers' Ins. Ass'n v. Neatherlin, 31 S.W.(2d) 673, and Texas Employers' Ins. Ass'n v. Teel (Tex. Civ. App.) 40 S.W.(2d) 201, 203. By reference to those decisions, it will be seen that, in our opinion, the notation in question amounts to evidence of a filing of the instrument, and is evidentiary of the date of such filing.

Upon the question of the right of the compensation insurance claimant to repudiate the compromise agreement before the formal order of approval by the Industrial Accident Board in addition to the authority of Petroleum Casualty Co. v. Lewis (Tex. Civ. App.) 63 S.W.(2d) 1066, we cite also Smith v. Pet. Casualty Co., 72 S.W.(2d) 640 by the Galveston Court of Civil Appeals, which indicates an independent conclusion of that court not referable to the decision of the El Paso court in the first case mentioned, since it does not cite same.

It is earnestly argued upon this point that it is unreasonable to make the final order of the Industrial Accident Board approving a compromise agreement conditioned upon payment by the insurance carrier of the amount to be paid according to the compromise agreement. As a practice or policy of the Industrial Accident Board, it occurs to us that this criticism is not without merit. That fact, however, we think would not militate against the correctness of our conclusion that no final or irrevocable order had been entered prior to the one that was entered in accordance with that practice.

Being of the opinion that the motion for rehearing should be overruled, it is accordingly so ordered.