### TRAVELERS INS. CO. v. KELLY.

No. 8083.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1936.

Pinkney Grissom, of Dallas, Tex., for appellant.

Richard Mays, of Corsicana, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a judgment for compensation in a suit filed by appellant as an appeal from an award of the Texas Industrial Accident Board. Other points were pressed by appellant in the trial court, but the point mainly labored there was that appellant and appellee had, with the approval of the board, made and carried out a final and binding settlement which ended the board's jurisdiction over the claim and deprived it of authority to make an award. Appellee prevailed below upon the argument that, though the parties with the board's approval had actually completed the settlement by paying over and receiving the amount agreed upon, no final formal order had been entered approving the settlement and closing the case, and the settlement must be deemed only tentative, and of no effect to oust the board's jurisdiction.

■ Appellant insists that this very formalistic view of the matter finds no support either in the Texas statute [1] authorizing settlement of disputed claims with the approval of the board or in the authorities construing the statute. It points to the fact that the statute prescribes no formality for entering into compromise settlement agreements; it provides only that the board approve them. It points, too, to the settled course of decision in the Texas Supreme Court that the board's approval of a compromise settlement is not an award of compensation and cannot be appealed from, and therefore a settlement made with the board's approval, until set aside as any other release by a suit in equity in a court of competent jurisdiction for accident, fraud, or mistake, closes and ends the compensation proceedings. If set aside, the parties are left just where they were before the compromise settlement was entered into and the release signed, and claimant may proceed before the board for an award of compensation. Until the settlement is set aside, however, the board is without jurisdiction to proceed. Lumbermen's Reciprocal Ass'n v. Henderson (Tex.Com.App.) 15 S.W.(2d) 565; Lumbermen's Reciprocal Ass'n v. Day (Tex.Com.App.) 17 S.W.(2d) 1043; Commercial Casualty Ins. Co. v. Hilton (Tex.Com.App.) 87 S.W.(2d) 1081; Texas Employers Ins. Co. v. Knouff (Tex.Civ. App.) 271 S.W. 633; Id. (Tex.Civ.App.) 297 S.W. 799; Id. (Tex.Com.App.) 7 S.W. (2d) 68; Traders' & General Ins. Co. v. Bailey (Tex.Com.App.) 94 S.W.(2d) 134.

---

[1] "Where the liability of the association or the extent of the injury of the employe is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties." Section 12, article 8307, Revised Civil Stats. of Texas.

**48**

Appellee does not contest appellant's general position, that a compromise settlement duly approved by the board constitutes a final closing of the compensation claim, and that the board is without jurisdiction to set such settlement aside and reopen the proceedings on the claim. His insistence is that, for want of a formal order of the board approving the settlement and closing the case, no final settlement came about here. In support of this position he cites Petroleum Casualty Co. v. Lewis (Tex.Civ.App.) 63 S.W.(2d) 1066; Commercial Casualty Co. v. Hilton (Tex.Com.App.) 87 S.W.(2d) 1081; Casualty Reciprocal Exchange v. Dawson (Tex.Civ.App.) 81 S.W.(2d) 284. He insists that all the cases he cites, in principle, and the Dawson Case in its application to facts, make it clear that the final and binding settlement the statute authorizes and the authorities appellant relies on refer to is a settlement which, after having been completed by payment, is reported to the board for, and on which there was entered, a final closing order.

We cannot agree with appellee that what occurred here was not a final and binding settlement under the statute. Unless form and not substance is to control, the undisputed facts as they appear from the records of the board compel the conclusion that there was a final settlement and a closing of the case. Briefly stated, this is what they show:

Shortly after June 25, 1934, Union Construction Company reported to the board that appellee had notified it of an injury to him on that date, to wit, a catch in the back, and that appellant was its insurance carrier. On July 18, 1934, appellant reported to the board that it had paid appellee $9, the first payment. On July 23, 1934, appellant by letter received and filed with the board July 24 advised that a compromise agreement had been reached and requested to know whether the compromise settlement had the board's approval. Inclosed with the letter was the compromise settlement agreement on the board's form, dated and duly signed by appellant and appellee on July 19, 1934, and a statement signed by appellee, that he realized that the nature and extent of his injury was uncertain and not capable of being accurately determined; that he was entering into the compromise of his own free will; and that he knew that the amount agreed upon represented a full and final settlement. Inclosed with the papers

and filed with them was the attending physician's report that, in his opinion, Kelly would be able to resume work on July 20. The compromise settlement agreement itself sets out that the facts and circumstances connected with and surrounding the infliction of the injury claimed makes the liability of appellant uncertain, and the nature, extent, and duration of the injury indefinite or incapable of being satisfactorily established. On the settlement agreement as it is found in the records of the board appears the official stamp of the board, "received July 24, 1934," and in pencil the following, "O. K. Stamford, A. M. Graves, 7/24/34." On July 25 the board wrote appellant, mailing appellee a carbon copy, advising "Compromise Settlement Agreement submitted in the above styled cause is satisfactory" and that "upon the filing of a receipt or receipts evidencing the payment of the amount agreed upon said Agreement will be finally approved, and the usual order entered disposing of the case." After this approval appellant, on August 1st, paid appellee the $72 agreed upon, took a receipt from him in triplicate on the board's compromise settlement form reciting payment in full compromise, accord and satisfaction of all compensation "being the identical amount agreed upon between the Travelers Insurance Company and me in compromise settlement agreement heretofore entered into between us on or about the 19th day of June, 1934, and which has been heretofore presented to and approved by the Industrial Accident Board of the State of Texas." This receipt is found in the files of the board, marked "Approved: Dated this 1 day of August, 1934. (Stamped) Received Aug. 2, 1934." More than a year later, on, to wit, September 25, 1935, the attorneys for appellee addressed a letter to the board, stating, "On or about August 1 a compromise agreement was entered into by the terms of which the insured paid the employee the sum of $72, and this compromise agreement was duly approved by the Board. Please be good enough to let us have certified copy of the order."

In October, 1935, the board replied, advising in substance that it had given tentative approval to the agreement for settlement, but the settlement receipt evidencing the payment had never been received by the board, and final order had never been entered of record. On October 14, 1935, the board advised appellant that the claim

had been set down for hearing on its merits for November 18th. In reply to appellant's protest that the matter had been settled by compromise and there was no case to be heard, the board advised appellant that, though it had tentatively approved the settlement, the case had not been closed, no compromise settlement receipt had been filed with the board, and it had not entered a closing order. On November 7, 1935, appellee first filed his claim for compensation, and the board, declaring the settlement disapproved, made an award in his favor. Appellant timely appealed to the District Court, where appellant's exceptions to the want of jurisdiction of the board, and therefore of the court, to make a compensation award having been overruled, and appellant's motion for instructed verdict denied, the award of the board was in effect confirmed.

On the appeal to this court many points are made, but here, as it was below, the point mainly relied on is the finality of the settlement.

We agree with appellant that the judgment must be reversed on this point. We confine our discussion to it.

From this record it appears that what either appellant or appellee could have done to complete the settlement and bring the case to a close, each did do. From this record it appears that nothing has been left undone except by the board, and this the mere perfunctory entry of a formal closing order.

We think it plain that when the parties have made, the board has approved, and the parties have carried out a settlement agreement by paying and receiving the sum agreed upon, and executing and taking a receipt and release in full, the matter is as completely and finally closed as it would be if the board had entered a final order. No decision of the Supreme Court has been called to our attention which holds or tends to hold differently. Nothing held in Petroleum Casualty Co. v. Lewis or in Casualty Reciprocal Exchange v. Dawson,[2] supra, on which appellee relies, runs at all counter to this conclusion. In neither of those cases had the matter progressed as here, to the point of payment and receipt, and filing with the board. In both of those cases after the board's tentative approval had been given, the claimant declined to accept the amount agreed upon, and contested the settlement before the board. The saying in the Lewis Case, that "when the Board has reached its conclusion its decision should be formally made and entered of record as in the case of other final rulings and decisions by it," must be read in the light of the facts in that case, which are that, though checks were mailed in accordance with the settlement agreement, the claimant, refusing to accept them, returned them. The same is true of the expressions in the Dawson Case, that "with or without cause the employee has the right, until final approval by the Board, to withhold consent to the compromise settlement, and therefore leave the tentative compromise without binding force," for in that case the employee, after agreeing to the settlement, but before receiving the fruits of it, repudiated and contested it. Here, unlike there, there was not only an agreement, but a complete carrying out of it. Whatever then may be ultimately decided in that case, it is plain that this one must be decided in appellant's favor, for here there was in law a complete and final closing of the case. By that final closing the board lost jurisdiction to proceed further in it. Its award was a nullity.

The District Court should have sustained appellant's position that it was, and refused to permit the case to proceed further. The judgment is reversed and the cause remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

[2] We are informed by appellant that the records of the Supreme Court show that in the Dawson Case the Supreme Court of Texas has granted a writ of error on appellant's assignment that the Court of Civil Appeals erred in holding under the facts of that case that the settlement had not become final so as to end the case and deprive the board of jurisdiction to proceed further in it, and that the case is pending in the Supreme Court not yet submitted.