## CARPER v. TEXAS COMPENSATION INS. CO.

### No. 8029.

Circuit Court of Appeals, Fifth Circuit.

March 2, 1937.

E. W. Napier, of Wichita Falls, Tex., for appellant.

C. M. Means and John H. Bickett, Jr., both of Dallas, Tex., and W. H. Caldwell of Wichita Falls, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

This action arises under the Texas Workmen's Compensation Act.

Plaintiff, a switchboard operator employed by Southwestern Bell Telephone Company, on April 29, 1928, caught her heel on a broken step on the employee's stairway, and fell to the bottom of the stairs, some twenty feet, injuring her back and probably a kidney. She suffered much pain in her back and underwent treatment at home and in a hospital, remaining in bed until July, 1928. On September 27, 1928, she went back to work in her former employment,

although she says she was still suffering pain and not really able to work, but continued to carry on her duties with the aid of other operators.

She gave notice of her injury and filed claim with the Texas Industrial Accident Board on May 21, 1928, within the time fixed by article 8307, § 4a, Tex.Rev.Stat.

She was paid compensation for approximately five months from April 29 to September 27, 1928. On the latter date she signed a "Compensation Settlement Receipt," which recited that in consideration of the sum of $2.47, "which sum together with weekly payments heretofore made to me makes the total sum of $152.44, in full settlement of compensation under the Texas Employers' Liability Act for all injuries sustained by me on or about the 29th day of April, 1928 * * * my incapacity having terminated. I was totally disabled 127 days and partially disabled no days. Total number of weeks or days for which compensation has been paid, 127 days. Total amount of compensation paid, $152.-44."

After returning to work, plaintiff continued in her same employment, for which she received pay, until May 1, 1933, when she ceased work because of recurring disability, which she attributes to the former injury, and which she now claims is totally and permanently disabling. Plaintiff, corroborated by her mother and other witnesses, testified that from September 27, 1928, when she went back to work, until May, 1933, when she quit, she suffered continuous pain in her back; that she had difficulty in walking; that her work was intermittent due to her physical condition, but that she continued her efforts to work until May, 1933, when she became wholly unable to work and was thereafter confined to her bed from time to time for treatment.

Plaintiff gave no further notice of disability, but on December 29, 1934, filed a supplemental claim with the Industrial Accident Board, seeking compensation for her recurring disability, which claim the Board considered and denied. Plaintiff then sued to set aside the Board's order, and appeals from an adverse judgment rendered upon a verdict directed against her below.

Plaintiff does not seek additional compensation for the disability which she certified had terminated on September 27, 1928. She now seeks compensation for recurring disability which again disabled her beginning about May 1, 1933, of which she asserts her original injury was the proximate cause.

The compensation receipt signed by plaintiff does not purport to be a common-law release of defendant from all liability. It simply acknowledges payment of what was already due her under the statute. Cf. Maryland Cas. Co. v. Hodge (C.C.A.) 49 F.(2d) 127; Bunker v. Great Falls Mfg. Co., 84 N.H. 84, 146 A. 529; 71 C.J. 941.

■ The compensation settlement receipt was apparently forwarded by the insurance carrier (appellee) to the Board in compliance with article 8307, § 11, Tex.Rev.Stat., but so far as this record discloses the settlement was never approved by the Board, either by formal order, or informally as in Travelers Ins. Co. v. Kelly (C.C.A.5) 87 F.(2d) 46, opinion filed December 9, 1936. Although the supposed settlement was apparently acquiesced in for six years and three months, nothing upon the face of this receipt, nor otherwise in the evidence, tends to show that the Board has ever exercised any judgment upon the settlement. In the Kelly Case, supra, the Board had informally approved the completed settlement between the parties. There was lacking only a formal and "perfunctory" order of approval. Here there is no semblance of approval by the Board, formal or informal. The burden of establishing approval by the Board rests upon the party relying upon the settlement. Welch v. U. S. F. & G. Co. (Tex.Civ.App.) 54 S.W.(2d) 1041.

■ The insurance carrier, defendant below, does not rely upon the settlement receipt as a bar to further recovery, but asserts that the holding of the Texas Court of Civil Appeals in American Indemnity Co. v. Boatner, 86 S.W.(2d) 239, 242, is fatal to plaintiff's cause because plaintiff did not give another notice within thirty days and file another claim within six months after her disability recurred. This view was adopted by the trial judge in directing a verdict against plaintiff.

Because of a vital difference in the facts, the Boatner Case is inapposite here. The court there "reached the conclusion that it is shown by both the allegations in the plaintiff's [Boatner's] petition and the undisputed evidence that appellee [Boatner] did not file a claim for injury with the Industrial Accident Board within six months after he received his injury, nor

within such time after he discovered that his hernia had not been cured or had again developed after the aforesaid operation." Boatner was denied relief not because he failed to give a second notice concerning the recurrence of his disability, but because he gave no notice at all until more than six months after the recurrence of his disability, and nine years after the original injury. Here, plaintiff gave notice of her injury and filed claim with the Board on May 26, 1928, which complied with the Texas statute. That claim was not acted upon by the Board, but remained pending and apparently undisposed of until the Board considered and denied her supplemental petition, although the insurance carrier paid her compensation for the period of her temporary disability from April to September, 1928. The essential difference between this case and the Boatner Case is that here the plaintiff seasonably gave notice and filed claim as required by the Texas statute, while Boatner did not, but gave no notice until two years after the recurrence of his disability, and nine years after his injury.

Article 8307, § 4a, Texas Rev.Stat., requires that notice of injury be given "within thirty days after the happening thereof" and unless claim for compensation shall have been made within six months "after the occurrence of same," no recovery can be had. These requirements were complied with by plaintiff. The statute does not require the giving of more than one notice, nor the filing of more than one claim. When the plaintiff gave notice and filed her claim with the Accident Board on May 26, 1928, she did all that was required of her in that respect. By her supplemental claim the Board was not asked to alter what had already been done, but to make an award based upon changed conditions arising subsequent to her original claim and subsequent to the period for which she had been compensated. The Board's jurisdiction to act necessarily continued until formal disposition of plaintiff's claim, which followed the filing of plaintiff's supplemental petition, no prior order or award having been made by the Board, and the settlement not having received the Board's approval.

 Article 8307, § 4a, Tex.Rev.Stat., also provides that in meritorious cases the Accident Board may for good cause shown waive strict compliance with the requirements as to notice and filing of claim. In the Boatner Case the Texas court held that "there was neither allegation nor proof made excusing such delay." In the present case the Board did not reject plaintiff's claim for failure to give notice, but entertained plaintiff's supplemental petition upon its merits, thus raising a presumption that any irregularity in notice or filing of claim was waived. Maryland Cas. Co. v. Hodge (C.C.A.) 49 F.(2d) 127.

We express no opinion upon the merits of plaintiff's claim. Since, however, there was substantial evidence which tended, if believed, to connect her recurring disability with the original injury, a jury question was presented, plaintiff having complied with the Texas statute as to notice and filing of claim, the supposed settlement not having been approved by the Board, and no order having been made by the Board prior to its order on plaintiff's supplemental petition filed December 29, 1934, which is the order here under attack.

Reversed.