The TRAVELERS INSURANCE COMPANY, Appellant,

v.

O. O. LIPTRAP, Appellee.

No. 4105.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1966.

Rehearing Denied March 31, 1967.

Kerr, Fitz-Gerald & Kerr, L. Lloyd Mac-Donald, Midland, for appellant.

Hartman Hooser, R. H. Weaver, Big Spring, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation suit. Judgment was rendered in favor of the plaintiff, O. O. Liptrap, for maximum benefits under the Workmen's Compensation Act based upon jury findings of total and permanent incapacity and the wage rate of another employee. The defendant, The Travelers Insurance Company, has appealed.

The record shows that appellee, O. O. Liptrap, sustained an accidental personal injury in the course of his employment for the Yellow Cab Company of Big Spring on December 18, 1964. He had been employed by that company for six or seven years and that was his only job.

Appellant urges points contending that the evidence is insufficient to support the finding that appellee is totally and permanently disabled and that such finding is against the great weight and preponderance of the evidence. Appellant also contends that the finding that appellee's incapacity is not caused solely by disease and natural causes wholly independent of the claimed injury is against the great weight and preponderance of the evidence. Considering the evidence as a whole, under the rule announced in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our opinion that these points should be overruled.

The evidence shows that on the night of December 18, 1964, appellee slipped and fell on ice at the rear of the N.C.O. Club where he had been called to pick up a passenger, and thereby sustained the injury complained of. Appellee testified that he fell on his back and lost consciousness; that the next thing he remembered was that a man and woman helped him up; that after he had somewhat recovered he called the cab company and told them he was hurt, and then went home. Appellee testified that he has been unable to work since this accident; that the owner of the cab company wanted him to work again but he was not able to do so, and was still unable to work at the time of the trial.

After his injury appellee was treated by a medical doctor and a chiropractor. The physician who treated appellee the day after his injury found a contusion on his

chest and that he was sore in both the front and back of his chest; also that there was a marked showing of arthritis of long standing, and degeneration of two vertebrae; that the arthritis which appellee had was made more evident and manifest by the trauma, and that appellee was still complaining of his back the last time he examined him. He testified that it was hard to say whether trauma makes arthritis progress further, but he did know that pain is more evident where there is trauma. The doctor stated the opinion that any arthritic changes in appellee's condition would have taken place regardless of the trauma. Appellee was released, to return to work, by the treating physician after six weeks. The physician stated that appellee should work in order to gain relief from the arthritic condition. He also stated that appellee was troubled with emphysema and bronchitis and that neither was related to his accidental injury.

The chiropractor who treated appellee also treated him prior to the time of his injury. He stated that during such prior treatment appellee had high blood pressure, varicose veins, numbness in the legs and arms and difficulty in breathing, due to a stroke. About a month after appellee's injury the chiropractor found the existence of appellee's arthritic condition which he stated had built up over a period of years. He stated, however that appellee had made no complaint about his back prior to the injury of December 18, 1964. The chiropractor stated that in his opinion appellee would not in the future be able to obtain and keep a job; that such inability to obtain and retain employment was attributable to the injury, and that his condition in this respect was permanent, particularly in view of the amount of arthritis which existed. The chiropractor stated that in his opinion appellee was totally and permanently disabled.

In summary, the evidence shows that appellee was able to and did work part time before his injury. He has done

no work since the injury and testified that he was unable to work. This testimony in connection with that of the medical doctor and chiropractor concerning his disability, in our opinion, presented questions of fact for the jury and was sufficient to support the finding that appellee is totally and permanently disabled. Appellant's points on the sufficiency and great preponderance of the evidence are overruled.

Appellant presents numerous points complaining of the action of the court in rendering judgment for appellee based upon the earnings of another employee under Subdivision (2) of Section 1, Article 8309 Vernon's Ann.Civ.St. All three subdivisions of Section 1 were submitted to the jury which found that appellee did not work in the employment in which he was working at the time of his injury for at least 210 days of the year immediately preceding the date of his injury, that there was another employee of the same class as appellee who had worked for the statutory period of time in the same or similar employment; that his average daily wage was $11.00, and the average weekly wage of appellee which would be fair and just to both appellee and appellant was $11.94. It is not contended by either of the parties that the evidence shows appellee worked as much as 210 days during the year immediately prior to his injury. Actually, the record shows that he worked only 156 days during that period. Appellant contends that Subdivision (2), which concerns the earnings of another employee is not applicable because appellee and such other employees as shown by the evidence were paid commissions based upon their individual day's receipts of cab fares. The evidence shows that appellee did not work regularly at the job and that his earnings in the 156 days he worked during the year immediately preceding his injury were $597.58. Appellee had not worked the statutory time during the preceding year so as to comply with Subdivision (1). His average annual earnings during the six or seven years that he

had previously worked for the Yellow Cab Company were approximately $736.00.

The evidence does show that there were other employees who had worked at least 210 days during the year immediately preceding appellee's injury. These employees were also cab drivers paid on a commission basis but their earnings varied from $7.00 to $15.00 per day. None of them received the same amount per day or per week as appellee was paid for his services. Under the evidence it was not practical to compute appellee's "average weekly wages" under Subdivision (2). The court erred in rendering judgment on the theory of another's employment and earning capacity under the provisions of Subdivision (2) of Section 1 of Article 8309.

The jury found $11.94 to be the average weekly wage which would be fair to both plaintiff and defendant. The evidence supports that finding. In our opinion judgment should have been rendered for the plaintiff based upon such findings under Section 1, Subdivision (3) of the statute. Casualty Reciprocal Exchange v. Dawson (Eastland Civ.Apps.1935), 81 S.W.2d 284, writ dismissed with opinion in 130 Tex. 362, 107 S.W.2d 994; Employers' Liability Assurance Corp. v. Manning (Dallas Civ. App., 1945), 188 S.W.2d 268, ref. want of merit; Texas Employers' Insurance Ass'n. v. Pearson (Amarillo Civ.App., 1934), 67 S.W.2d 630, writ dismissed; Texas Employers Insurance Ass'n. v. Rigsby (Beaumont Civ.App., 1954), 273 S.W.2d 681, no writ history; Texas Indemnity Insurance Co. v. Smith (Amarillo Civ.App., 1934) 73 S.W.2d 578, no writ history; Article 8309, V.A.C.S. In the last cited case the court in passing upon this question stated as follows:

"Where the statute plainly says, as in subdivision 2, that the average daily wage of one employee of the same class is to be the basis, the court should not submit to the jury an issue where several witnesses of the same class are shown to be drawing different salaries or wages.

* * * If upon another trial the evidence is the same, the court should submit the issue of compensation under subdivision 3."

The judgment is reformed and judgment is rendered for appellee on the basis of the jury finding concerning a wage rate which is just and fair to both parties. Judgment is accordingly rendered for appellee for $9.00 a week for 401 weeks, in compliance with the finding of the jury and the provisions of Section 1, Subdivision (3) of the statute. As so reformed the judgment is affirmed.